Jackson, *ex dem.* Abby, *against* Smith.

Upon a mere notice, unfounded on any affidavit, or other papers, a motion was made to amend the declaration by adding a new demise particularly specified in the notice; and *Anonymous*, (2 *Caines*, 261,) was cited.

*W. D. Ford*, for the motion.

*E. C. Reed*, contra.

*Curia.* The motion must be denied. The case cited from *Caines* has not been followed in practice. Without proof of the fact, we cannot see the necessity of the amendment; nor even that there is any action pending. Great liberality prevails in allowing these amendments; but they are not merely of course. If so, why not enter a common rule? Some reason for applying to the court should be

shown by affidavit, or otherwise. The question of amendment is one of discretion, depending on various circumstances. That the person from whom the demise is sought to be added, has a subsisting claim to the premises, or some other substantial reason, is usually required to be shown; and there are several cases in which we have refused the amendment for want of this. (*Jackson* v. *Richmond*, 4 *John. Rep.* 483. *Jackson* v. *Murray*, 1 *Cowen's Rep.* 156.) The motion must be denied.

Motion denied.