WILLIS DODGE *et al.,* Plaintiffs in Error, *v.* HENRY J. DEAL *et al.,* Defendants in Error.

ERROR TO McLEAN.

A party will not be entitled to a continuance as a matter of right, because a return of a cause with a mandate from this court, to the Circuit Court, had not been filed ten days before the term. The party is only entitled to sufficient time to prepare for trial.

A continuance founded upon the absence of witnesses will be properly refused, if the facts to be proved are not material to the issue in the cause.

In an action upon a note, failure of consideration being pleaded, because the

note had been given for land to be conveyed to A and B, to which the promissee had not title, an offer to convey to A is not sufficient; the title should be tendered to both.

THIS was an action in assumpsit on two notes of hand, with common counts.

Plea, general issue, with an agreement signed by attorneys for both parties, that the defense relied on is a failure of consideration of the notes, and that any matter may be given in evidence under the plea of the general issue, that could be given under any special plea, well pleaded.

Trial, and verdict for defendants.

Judgment, and order allowing appeal.

Cause remanded by Supreme Court for new trial.

Motion for continuance, because neither the mandate nor opinion of the Supreme Court had been filed in this court ten days before the commencement of the term. Motion overruled, and ruling excepted to.

On the third day of the term, defendants again moved the court to continue the case, and based the motion upon the affidavit of defendant, Dodge.

Affidavit sets up the facts that the mandate and opinion of the Supreme Court were not filed in this court until within ten days before the commencement of the term, and that affiant did not know the contents of said mandate and opinion until they were filed in this court. ˙Further .sets up, that before the 3rd day of December, 1858, defendant Dodge, offered to plaintiff, Henry I. Deal, to convey to plaintiff whatever title he had in the land, and to give $100 if he would give up the notes. To which offer plaintiff replied, that he would not accept a deed to the land, but that he could collect the notes and would do so.

That the only persons present at the time of said offer, were the two defendants and the plaintiff, Henry I. Deal, and one Andrew Durbin, in whose store the offer was made; and affiant knows of no other witness but said Andrew Durbin, by whom said offer can be proved. Affiant further says, that on the 8th of September, 1859, affiant again offered to said plaintiff to make a quit-claim deed to said land, in any way ˌsaid

plaintiff might direct, and to give plaintiff $100 in satisfaction of the claim sued on. That affiant knows of no witness by whom he can so fully prove this last offer, as one James W. Hanger, who lives, or did within a very short time, in the county of Clinton, and State of Missouri; and as affiant believes, said Durbin lives in the city of St. Louis, and State of Missouri; that since the filing of the mandate and opinion of the Supreme Court, in this court, affiant has not had time to procure the evidence of either of said witnesses, but that he expects to procure the testimony of both of them by the next term of this court; that the application is not made for delay, but for the purpose of justice.

Motion overruled, and exception taken.

Trial and verdict.

Final judgment for plaintiff below, for $854.42, and costs.

Plaintiffs gave in evidence two notes, without objection, and rest.

It is admitted by plaintiffs below that they obtained the notes by assignment, after they had become due, and that the notes were given for the south-east quarter of north-east half of Section 31, Township 24 north, Range 1 west, in McLean county, Illinois, the title to which failed.

The facts in this case are stated in the former report of it, in 26 Ill. Reports, page 458.

R. E. WILLIAMS, for Plaintiffs in Error.

HANNA & SCOTT, for Defendants in Error.

BREESE, J. We do not perceive any substantial grounds for the continuance of this cause as a matter of right. The record shows the transcript, with the mandate of this court, was filed on the 23rd day of November, 1861, some nine days before the commencement of the December term, which was on the second day of that month, and the cause was not tried until the tenth of December, so that the plaintiffs in error had nineteen days in which to prepare for trial.

The motion for a continuance on account of the absence of certain witnesses, was properly refused, as the facts expected

to be proved by them, were not material to the issue in the cause. An offer to convey the land to one of the plaintiffs, we have decided in this case—*Deal et al.* v. *Dodge et al.*, 26 Ill. 458—is not sufficient. He should have made a deed, or released the grantor from his covenants.

We do not see in what respect this case, as now presented, differs from the case as reported. As on the record in that case we reversed the judgment, thereby establishing the right of the plaintiffs to a recovery, so we must on this record affirm the judgment in their favor, as the case is not changed in one single scintilla. The title to this land is perfect in the defendant Dodge. He has got all he bargained for, and ought to be content. The judgment is affirmed.

*Judgment affirmed.*