SWEET VS. MITCHELL and others.

Amendments to a complaint should be allowed only "in furtherance of justice," and where the original and proposed amended complaint are not verified, such amendments should not be allowed without proof that the new allegations are true and can be established at the trial.

Where a cause has once been tried, and on appeal remanded for a new trial, amendments making a radical change in the ground of action should be received with great caution; and the least that should be required is, the usual affidavit of merits, an affidavit of the truth of the proposed amendments, and a reasonable excuse shown for their previous omission.

Plaintiff sought by his action to have different parcels of real estate which had been held by him, and transferred to M. by conveyances absolute on their face, adjudged to be held by M. as security. A judgment below dismissing the complaint was reversed here, on the ground (as stated in the opinion of this court filed thereupon) that while the plaintiff had shown no right to the relief sought as to most of the property, yet as to certain other specified portions thereof the court below erred in excluding plaintiff's evidence. *Held*, that this was in effect an affirmance in part of the judgment below, and the plaintiff was not entitled to have it dismissed without prejudice to his right to bring another action; nor could he, after such dismissal was refused, discontinue the cause by the entry of a common rule for that purpose.

After the entry of such a void rule for discontinuance, the defendants might still insist upon a trial, and, plaintiff refusing to appear and put in his evidence, they were entitled to judgment.

APPEAL from the Circuit Court for *Dane* County.

A report of this cause upon a former appeal will be found in 15 Wis., 641, where a full abstract is given of the pleadings and of the amendments to the complaint which the court refused the plaintiff leave to make. After the cause was remitted, the plaintiff offered the same amendments, basing his motion upon an affidavit which is suffiiently described in the opinion *infra*. Leave to thus amend having been refused, plaintiff moved that the cause be dismissed without prejudice; but the motion was denied. Afterwards the plaintiff's counsel entered in the common rule book a discontinuance of the action, without prejudice, upon payment of costs to be taxed, and served a copy of said order on the defendants and their attorneys, together with an offer to pay the costs, and a notice that they were ready to attend before the proper officer

at such time and place as might be named, to tax the costs. Subsequently the defendant served on plaintiff's attorneys a notice of trial for the November term, 1863. When the cause was reached, the plaintiff's attorneys exhibited to the court proof of the service of a copy of the rule of discontinuance, with the notice aforesaid, and moved that the cause be discontinued, and declined to proceed to trial; whereupon (the court stating that the cause was still pending) the defendants submitted the case, " upon the pleadings and proofs as returned to the court, and before taken in writing and filed in said action" (see 15 Wis., pp. 648-9); the court found that the plaintiff had no cause of action, and rendered judgment dismissing the complaint; and the plaintiff appealed.

*J. Downer* and *Mat. H. Carpenter*, for appellant:

The court erred in refusing plaintiff leave to amend. As to amending pleadings, the New York code is the same as sec. 37, ch. 125, of our Revised Statutes. *Chapman v. Webb*, 6 How. Pr. R., 390, and note, contains a history of the changes of this law. Ever since it assumed its present form, it has been a matter of right, at any time before the trial, even after a case has been on an appeal from final judgment to the supreme court and remanded for a new trial, for the plaintiff to amend on terms, even by adding a new cause of action. *T. & B. R. R. Co. v. Tibbits*, 11 How. Pr. R., 170 ; Voorhies' Code, 221-2 ; *Downer v. Thompson,* 2 Hill, 137. This court has never decided that such amendments could not be made *before trial*, but only that they could not be made *at* the trial. 2. Counsel argued that when this cause remanded the cause to the court below for a new trial, it did not require such new trial to be upon precisely the same pleadings, any more than upon the same testimony. The circuit court therefore erred in supposing that it was precluded by the decision of this court from allowing the proposed amendment. 3. So far as it relates to the right to amend, the decision of this court in relation to the Weeks tract and Sage foreclosure does not differ

from a decision sustaining a demurrer to that portion of the complaint which sets up those claims. The complaint states the agreements relating to those claims without saying whether they were in writing or not. The plaintiff attempted to prove them by parol. The circuit court held the testimony to be inadmissible, and this court sustained that decision. If the complaint had averred that the agreements were oral and the defendant had demurred, the same question would have been presented. It is common to amend bills in equity after demurrers sustained for defect in substance. *Hunt v Rousmaniere*, 2 Mason, 342 ; *Rose v. King*, 4 Hen. & Mun., 475 ; *Cunningham v. Pell*, 6 Paige, 655. 3. The pleadings here are not under oath, and the cases which relate to p leadings under oath do not apply. It was sufficient for the plaintiffs to show a reasonable excuse for the defect. *Harrington v. Slade*, 22 Barb., 164; Voorhies, 222. 4. The court erred in refusing plaintiff leave to discontinue or dismiss his complaint, and in deciding that the discontinuance entered in the common rule book was not valid. *Carney v. Emmons*, 9 Wis., 118. Both before and since the code, the plaintiff in a suit at law would dismiss or discontinue his action on his own motion, as of course, at any time before trial. *Harrison v. Wood*, 2 Duer, 50. And equity suits, both before and since the code, could be dismissed by the plaintiff, at his costs, on his own motion, as of course, at any time before final hearing and decree. *Carrington v. Holly*, 1 Dickens, 280 ; Newland's Prac., 74 ; *Smith v. Smith*, 2 Blackf., 232 ; *Simpson v. Brewster*, 9 Paige, 245 ; 8 Paige, 79 ; 1 Barbour's Ch. Pr., 228 ; *Shockley v. Niess*, 5 J. J. Marsh., 96. There was precisely the same right of dismissal after the case came back from this court as before. 5. Considering the decision of this court on the first appeal in this cause as fixing the rights of the parties, as the respondents contend (though we think erroneously), then the court below ought to have rendered a judgment in favor of *Sweet* adjudging to him the right to redeem the lands conveyed to *Mitchell*

by Blossom, and ordering an accounting. If any right was fixed by the first decision, it was the right of *Sweet* to such a judgment.

*J. C. Hopkins*, for respondent *Mitchell*:

The only matter left open by the former decision in this cause was that of the property conveyed to *Mitchell* by Blossom in January, 1857; and the new trial related only to that. The opinion of this court that none of the other claims could be enforced became a part of the record, and was absolutely binding on the circuit court (*Pierce v. Kneeland*, 9 Wis., 23, and cases there cited), so that the latter court had no right to go into the matter of those claims on a new trial. Again, this court has decided that the amendments sought were "an entire change of the ground of action" (15 Wis., 644), and therefore they were properly denied. Again, the amendment should have been shown to be in furtherance of justice; there should have been an affidavit of the party as to the truth of the facts proposed to be alleged in the amended complaint. 10 How. Pr. R., 193; 12 Wis., 378, 380; 13 id., 685; 22 Barb., 161.

*James S. Brown*, for *Mitchell*, and *N. J. Emmons*, for *Mitchell* and *Sage*, argued, among other things, that the action being for an accounting between the parties and to redeem lands from alleged mortgages, the plaintiff was not entitled to have it discontinued or dismissed without prejudice. *Rutter v. Tallis*, 5 Sandf., 610–12. Each party to such an action has an interest that a result should be arrived at. While the action was pending, *Mitchell* could not file a bill to account and foreclose. When this action was commenced, every judgment held by *Mitchell* was a lien upon all property belonging to the latter. Nearly three years have been spent in litigation, and the lien of the judgments recovered in 1850 has been barred by the lapse of time. *Mitchell* has therefore an interest to have the litigation proceed

to a decree of redemption or foreclosure, which the plaintiff cannot defeat.

*By the Court,* DIXON, C. J. The amendments proposed are the same which were offered at the first trial and refused, and the decision affirmed by this court. *Sweet v. Mitchell,* 15 Wis., 641. After the judgment was reversed and the cause remanded for a new trial as there directed, the plaintiff again moved, on notice, for leave to amend, founding his application upon the affidavit of his attorneys. The affidavit is, that the attorneys " verily believed up to the time of the said trial that the plaintiff could recover and prevail by virtue of the parol contracts set forth in said complaint, without alleging fraud, as is now done in the proposed amended complaint, which said plaintiff, by his attorneys, is about to ask leave to make and file in said action; and said affiants also believed up to the time of trial, that such allegations of fraud were unnecessary to a recovery on the part of the plaintiff in said action, but they are now convinced to the contrary, and they believe such allegations of fraud are necessary and ought to be made, and that justice cannot be done to the plaintiff unless they are made." The original and proposed amended complaints are both unverified; and the merits of the application depend solely upon the affidavit of the attorneys above set forth. The application is made under sec. 37, ch. 125, R. S. As to amendments before judgment, the provisions of this section are in effect the same as those which existed before the enactment of the code. R. S. 1849, ch. 100, sec. 1. They are so regarded in New York, from which state we borrowed both the old and the present statute of amendments. Abbotts' New York Digest, Title " Amendment," 1 to 12. The language of both is, that amendments may be made *in furtherance of justice,* and the rule has always been that some reason for applying to the court must be shown by affidavit or otherwise. *Jackson v. Smith,* 6 Cow., 39; *Harrington v. Slade,* 22 Barb., 161. And this, we

think, is the defect in the present application, that it is not shown that the proposed amendment would be in furtherance of justice. There is nothing in the affidavit that tends in the slightest degree to show that the alleged new grounds of action exist, or that they could be established upon trial. The attorneys merely depose that before the trial they believed the allegations of fraud were unnecessary to a recovery on the part of the plaintiff, but that now they believe they are necessary and ought to be made, and that justice cannot be done to the plaintiff unless they are made. The latter allegation may afford some slight ground, but it is very slight, for the inference that their client, the plaintiff, had stated to them the facts constituting the fraud. But we think something more is required. The facts should be clearly and positively shown, not by the affidavit of the attorneys only, who, in general, cannot know them, but by the affidavit of the client, and perhaps of his witnesses. In cases like this, where the motion is made after a trial and after the defendants have been put to much trouble and expense, and where the proposed change in the ground of the action is so radical and complete, the application should be received with great caution. The question is one of discretion, depending upon the particular circumstances; and how could the court below, or how can we, determine it unless fully possessed of the facts? We think that the least that could be required would be the usual affidavit of merits, and an affidavit of the truth of the proposed amendments, and then some reasonable excuse should be shown for their having been originally omitted. It is not of what facts will constitute a good cause of action *on paper*, but of the *truth* of those facts and the probability of their being established on the trial, that the court is to inquire, in order to satisfy itself that the granting of the application will be in furtherance of justice. We think, therefore, that the motion for leave to amend was properly denied.

We are also of opinion that the court was right in refus-

ing leave to dismiss the complaint and action without preju-
dice.   As to the lands conveyed by the plaintiff directly to
*Mitchell*, and those acquired by *Mitchell* at the foreclosure
sale on the Sage mortgage, final judgment had gone against
the plaintiff.   The court below had decided that the plaint-
iff had no right to redeem those lands, and so far that de-
cision had been affirmed.   *Sweet v. Mitchell*, 15 Wis., 641.
All the authorities agree that suits in equity may be dismiss-
ed at any time before final hearing and decree, but not after.
The decision as to the lands conveyed directly and those
acquired at the Sage foreclosure must be regarded as final,
although the judgment was in form reversed, so as to enable
the plaintiff to proceed in the court below with another branch
of the case.

It follows that if the court was right in refusing the plaintiff
leave to dismiss without prejudice, he could not afterwards do
so as of course by the entry of a common rule.

The defendants having noticed the cause, and it being called
for trial, the plaintiff, insisting on the validity of the common
rule and that the action was dismissed, refused to appear and
prosecute.   The defendants proceeded with the trial, and the
court gave judgment in their favor on the merits, dismissing
the complaint.   The plaintiff insists that this was error, and
that the complaint should either have been dismissed for want
of prosecution, or the court should have given judgment in
his favor for a redemption of the land conveyed to *Mitchell* by
Blossom, according to the former decision of this court.

It would be a little strange if the court were bound to give
judgment in his favor in spite of his protestation that he was
not there, and that he had no action or claim depending before
it.   We think there was no error in this.   And as to giving
final judgment in favor of the defendants, we are of opinion,
under the peculiar circumstances of the case, that it was prop-
er.   It seems to follow that if the plaintiff could not dismiss,
the defendants might insist upon a trial; and that if the plaint-

iff refused to appear and put in his evidence, judgment must go in favor of the defendants.

On the whole we are of opinion that the judgment below must be affirmed.

DOWNER, J., did not sit in this case, having been of counsel.