## IMHOFF vs. THE CHICAGO AND MILWAUKEE RAILROAD COMPANY.

NONSUIT: *When to be granted.*—RAILROADS: *Liability for negligent injury to persons otherwise than as carriers.*—AMENDMENT, *of complaint, after reversal of judgment.*

1. A nonsuit should be ordered only where there is an *entire absence* of evidence *tending* (on the most favorable construction) to establish the plaintiff's case.

2. In case of a *conflict* in plaintiff's evidence, the court, on a motion for a nonsuit, is to credit that part which tends to sustain his action.

3. A railroad company is liable for negligently injuring persons lawfully on or around its cars, even after its liability as a carrier to them as passengers has ceased, a reasonable time having elapsed for them to leave the train after arriving at its destination.

4. After judgment reversed, *it seems* that the complaint, alleging injury to plaintiff through defendant's negligence may be amended so as to allege specific acts of negligence.

APPEAL from the County Court for *Milwaukee* County.

A judgment herein having been reversed on a former appeal (20 Wis., 344), and the cause remitted for a new trial, the complaint was amended so as to aver negligence in the defendant in not keeping properly lighted its car (in which plaintiff as a passenger for hire had arrived at the terminus of the road in Milwaukee about midnight), and in not giving plaintiff notice of its intention to remove the train from the depot, although it had notice that she was still on board said car, and in not giving her a reasonable time to depart from the car with the parcels belonging to her which were therein, or seeing that she was safely off before backing the train, etc., in consequence of which negligence, without any default on plaintiff's part, she was thrown from and under the train while suddenly backing, and severely injured, to her damage, etc.    Answer, a general denial.

The testimony of plaintiff herself and her sister, with that of one Paulus, a policeman, and others, tended to prove the allegations of the complaint.    As to the question whether the bell was rung or whistle sounded before the train commenced backing, the sister testified that she did not hear either.    One Luneberg, who was running an express baggage wagon, and was at the depot at the time, testified that he did not know whether either or both of those signals

were given, or not. Paulus testified that he was standing with his back to the baggage car, and so near that the car touched his coat, when the train commenced backing; that he did not hear either bell or whistle. "I said right off, when I saw her [plaintiff] hurt, that I didn't hear any bell or whistle. I didn't hear any noise when the cars moved, and I didn't notice anything until I felt the car moving against my back. If I had heard the bell, I might have stepped away from the cars before they moved back." Plaintiff's counsel also read in evidence the deposition of one Search (an employee of defendant at the time of the accident), which was taken for defendant at the former trial, and tended to contradict in many respects the testimony of the other witnesses and particularly to show that the train was not backed until twenty-five or thirty minutes after its arrival at the depot, nor until all the passengers had left the cars, nor until the bell had been rung. After plaintiff's evidence was all in, a judgment of nonsuit was ordered; from which the plaintiff appealed.

*E. Fox Cook* (with whom was *Joshua Stark*), for appellant.
*Brown & Pratt*, for respondent.

PAINE, J. The nonsuit in this case should not have been granted. There was clearly evidence to go to the jury upon the question of the defendant's negligence—evidence tending to show that the train was backed, at the time the plaintiff was attempting to get off, without any notice either by the bell or whistle. The evidence of the plaintiff and her sister tended to show that she was in the act of getting off at the time the train was backed. The evidence of the plaintiff's sister, and of the policeman Paulus, which is very material on this point, as well as other testimony, tended to show that the train was backed without the bell being rung or whistle sounded. The only point upon which there seems

room for doubt is, whether, assuming that the train was thus backed without notice, there was evidence enough to submit to the jury the question whether this caused the injury. Upon this the testimony is not direct, nor entirely clear. Yet there is circumstantial evidence enough to require that the jury should pass upon it. On a motion for a nonsuit, the court is bound to give the evidence the most favorable construction for the plaintiff which it will possibly bear. *Colgrove v. R. R. Companies*, 20 N. Y., 494; *Ernst v. Hudson River R. R. Co.*, 35 N. Y., 25; *Ellis & Martin v. Ohio Life Ins. & Trust Co.*, 4 Ohio St., 645–47. In the latter case, on page 646, Judge RANNEY says: "All that the evidence in any degree *tends* to prove must be received as fully proved; every fact that the evidence, and all reasonable inferences from it, conduce to establish, must be taken as fully established." So in *Langhoff, Adm'r, v. Mil. & Pr. du Ch. R. R. Co.*, 19 Wis., 497, the court says: "It is only where there is *an entire absence* of evidence tending to establish the case ," that a nonsuit may properly be ordered. See also *Dodge v. McDonnell*, 14 Wis., 554. Applying this rule to the evidence in this case, it was to be assumed, on the motion for a nonsuit, that the plaintiff was in the act of getting off the cars, and had got on to the platform or steps, at the time the train started to back; and also that it started without any notice. It further appeared, that immediately afterwards she was under the cars, and badly injured. We think these circumstances are sufficient to require the question to be submitted to the jury, whether the injury was not occasioned by the sudden starting without notice. It appeared that the plaintiff had some articles in her hands, and that at the time of starting she was in a position where a sudden starting, without notice would be likely to throw her off. She was found injured immediately afterwards. Certainly it cannot be said, as a matter of law, that the jury

could not properly find from this evidence that the starting without notice caused the injury. It was a question for them, and not for the court, to determine.

When the case was formerly here, there was no express allegation in the complaint that the cars were started without notice. It alleged generally that they were wrongfully and carelessly started, without having waited a reasonable time. The plaintiff's cause of action was held by the court below, upon the first trial, to depend, as the pleadings then stood, on the continuance of the relation of carrier and passenger between the parties. Much of the evidence bearing upon the question whether the defendant waited a reasonable time before backing the train, and whether the plaintiff had a reasonable time to get off, relates to this aspect of the case. But the complaint was afterwards amended so as to allege that the cars were started " without due notice." And under this general allegation, evidence was introduced on the last trial, tending to show that there was no notice by the bell or whistle. If, as the case now stands, the cause of action depends on the continuance of the relation of carrier and passenger at the time of the injury, it would still have been a question for the jury, whether the plaintiff had a reasonable time to get off the cars. In determining it, they should have considered all the circumstances of the case, the character and condition of the plaintiff and the family with her, the fact that the train arrived in the night, that it was the terminus of the road, etc. But as the pleadings now stand, it is doubtful whether the cause of action depends on the continuance of that relation. For, even though she remained on the cars long enough to terminate that relation, this would not relieve the company from liability for an injury occasioned afterwards by its negligence, and without fault on her part. And the mere fact of so remaining would not necessarily constitute such fault or

negligence on her part as would preclude a recovery. The extraordinary liability of the carrier might have terminated, but it was still bound to use due care to avoid injuring persons lawfully on or around the cars. And certainly it could not be said that the plaintiff was not lawfully on the cars, although she might have remained a little beyond the time to which the extraordinary liability of the carrier extended.

The counsel for the respondent contends that the amendment of the complaint should not be held to have changed the case, because he says that amendment ought not to have been allowed. But that is a question which this bill of exceptions does not present. The case was tried upon that amended complaint, and we can only determine those questions presented by the bill of exceptions. And that presents no question as to whether the complaint ought to have been amended. But, although the question is not presented, we may say that it is our impression that the amendment was within the discretion of the court below to allow, and that it would not come within the ruling in *Sweet v. Mitchell*, 15 Wis., 641. The cause of action is still for an injury to the plaintiff by the negligent starting of the cars of the defendant, and the amendment only seems to introduce a new act of negligence contributing to the injury.

The counsel for the respondent relied very strongly on the testimony of Search, whose deposition was taken in behalf of the defendant, and was introduced by the plaintiff on the last trial. Undoubtedly, if full credit is given to his statements, they go to disprove any negligence by the defendant. Perhaps, if the case had been submitted to the jury, they might have credited him in preference to the other testimony tending to show negligence. But they might also have believed the other testimony, and discredited him. They are at liberty to find according to their actual belief

upon the weight of evidence. But on a motion for a non-suit the court has no such liberty; but in case of a conflict in the plaintiff's own evidence, the court is to credit that part which tends to sustain his action. Doubtful questions are to be resolved in his favor. And the court then determines, as matter of law, whether there is enough to sustain his case. The fact that some portions of Search's evidence went positively to disprove negligence, can make no difference in the application of this rule.

*By the Court.*—The judgment is reversed, with costs, and the cause remanded for a new trial.

On a motion for a rehearing, respondent's counsel argued that the court had overruled, by the above decision, that made on the former appeal, and which must be regarded as the law of the case; that both the court below and this court then held the suit to be against defendant *as a common carrier;* that if the amendment of the complaint changed the action in that respect, it was a change from an action on contract to one for a tort, and the amendment was improperly allowed. *Sweet v. Mitchell,* 19 Wis., 524. They also argued: 1. That the jury, and of course the court, is bound, as a matter of law, so to construe evidence (if possible) as to make all parts agree, and avoid the imputation of perjury; and that positive evidence that a thing was done always overrides negative evidence that the witnesses did not see, or know, or hear, that such a thing was done. Moreover, a party who deliberately introduces testimony, knowing what it is, cannot say that his witness was perjured and unworthy of belief as to his testimony against such party. The jury would therefore not have been at liberty to weigh the credibility of Search, who testified positively as to the ringing of the bell, against that of plaintiff's other witnesses, who merely testified that they did not hear or did

not remember it. Greenl. Ev., 442. 2. If the plaintiff did not (as her own testimony shows she did not) leave the car within the time *which passengers ordinarily require for that purpose* (*Ill. Cent. R. R. Co. v. Buckner,* 28 Ill., 303; *Ch. & R. I. R. R. Co. v. Still,* 19 id., 508), she violated her contract; and if her default in that respect contributed to the injury, defendant is not liable. There was no proof that it is customary for railroad companies, on their own grounds, to ring the bell, upon backing a train, for the protection of interlopers or of passengers who by their contract are bound to be, and are supposed to be, off the train. And if the question what was negligence in such a case is matter of law, this court knows that a railroad or any other company may, upon its own grounds, run a train back or forward as it pleases, without taking any precautions; and that if any person complains of such running, he must ground his action upon some *contract* violated by the company and not violated by the complainant. To this point counsel cited the cases referred to in the opinion below.

PAINE, J. A motion for a rehearing was made; and, as is quite usual, counsel think we have not only violated the former decision of this court in this case, but also the uniform decisions of other courts. We have, however, carefully examined the argument without coming to that conclusion. The claim that we have overruled the former decision of this court, is based on the assumption that it was then decided that the plaintiff's cause of action depended entirely on the existence of the relation of carrier and passenger at the time of the injury. But an examination of the case, reported in 20 Wis., 344, shows that no such proposition was decided. On the contrary, it appears that the circuit court having held that, on the pleadings, the cause of action depended on the existence of that relation, this

court reversed the judgment for what were held to be erroneous rulings upon that assumption. But whether that ruling of the circuit court was itself correct or not, was not decided, nor was any intimation given upon it. And the appeal did not present that question. That ruling was against the plaintiff, and the report does not show whether her counsel excepted to it or not. But whether he did or not, the verdict having been in her favor, and the appeal taken by the defendant, the correctness of that ruling was not in issue on the appeal. But it appears from the same report that the learned counsel for the defendant then held the same view in regard to the plaintiff's right of action, which is indicated in the last opinion of this court, now so severely criticised. For it shows that they then asked the court to instruct the jury "that if the relation of common carrier had ceased, the defendant was liable only for want of common care." This is precisely what we have held in the opinion already filed. Counsel also claim the law to be, that " a railroad company or any other company may, upon its own grounds, run a train back or forward as it pleases, without taking any precaution, and that if any person complains of such running, he must ground his right of action upon some *contract*, violated by the defendant and not violated by the plaintiff." And they cite in support of this proposition the following cases: *Deyo v. Railway Co.*, 34 N. Y., 9; *Chamberlain v. Railway Co.*, 7 Wis., 425; *Stucke v. R. R. Co.*, 9 Wis., 202; *Chamberlain v. Railroad Co.*, 11 Wis., 238; *Ch. & N. W. R. R. Co. v. Goss*, 17 Wis., 428; *Ch., B. & Q. R. R. v. Hazzard*, 26 Ill., 373; and *Railway Co. v. Aspell*, 23 Pa. St., 147. If these cases sustain the proposition, I am wholly unable to discover it. And I should be unwilling to assent to it except upon the compulsion of such an array of authorities as ought to be deemed conclusive. But I think no case can be found sustaining the proposition

Imhoff vs. The Chicago and Milwaukee Railroad Company.

that a railway company may, upon its depot grounds, run its trains backwards and forwards as it pleases, without any precautions, and not be liable for any injuries inflicted, unless the injured party had some contract which was violated.

*By the Court.*—The motion for a rehearing is overruled.