PHILIP HACKFORD, Administrator, etc., Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

Where, under section 261 of the Code, the court instructs a jury to find upon particular questions of fact, the questions to be submitted, and their form are matters within the discretion of the court, and a refusal to submit other or different questions, is not a ground for appeal.

Where in an action against a railroad corporation to recover damages for injuries received at a railroad crossing by a traveler on the highway, by the conceded or undisputed facts, some act or omission is established on the part of the person injured which of itself constitutes negligence, it is the duty of the court to nonsuit the plaintiff, and a refusal to do so is error at law. But if the fact depends upon the credibility of witnesses or upon inferences to be drawn from the circumstances proved, about which honest men might differ, then it is the right of the plaintiff to have the question submitted to the jury, whose decision is conclusive in this court.

In cases so near the border line between fact and law that nice discrimination is required to determine to which side it belongs, where the verdict of the jury has been sustained by the General Term, this court will presume in favor of the judgment that the questions were properly submitted to the jury, and will require the party alleging error to show it with reasonable certainty.

(Argued September 29, 1873; decided November 11, 1873.)

THIS was an action to recover damages for the death of William Hackford, plaintiff's intestate, who was killed at a railroad crossing on defendant's road, in the city of Syracuse.

At the close of plaintiff's evidence defendant's counsel moved for a nonsuit, which was denied. At the close of the evidence the court submitted three specific questions to the jury; 1st, did the defendant cause the bell on the engine to be rung, etc.; 2d, was the steam whistle sounded; 3d, was the deceased Hackford killed solely by reason of the omission on the part of defendant to ring the bell or to sound the whistle. The jury answered the first two questions, "no;" the last, "yes." Defendant's counsel asked the court to submit to the jury separately the question whether Hackford was guilty of negligence which contributed to the injury. This the court refused to do, and defendant's counsel excepted. *Held* as above stated, the court also holding

that the question defendant's counsel desired to have submitted was in substance embraced in the third question submitted. The opinion was mainly taken up with a discussion of the evidence, the court coming to the conclusion that it was not so clearly apparent that it could be determined from the evidence, as a question of law within the adjudicated principles on the subject, that there was negligence on the part of the deceased.

*D. Pratt* for the appellant.

*F. A. Lyman* for the respondent.

CHURCH, Ch. J., reads for affirmance.
All concur.
Judgment affirmed.