ALVIN S. NORTHRUP, RESPONDENT, *v.* THE NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, APPELLANT.

*Negligence — when the plaintiff's negligence is a question for the jury — testimony of a witness as to the speed of a train — no exception lies to the order in which the judge submits matters to the consideration of the jury.*

The plaintiff, a man of over sixty-seven years of age, was injured while crossing the tracks of the defendant's road in returning from the village of Sidney Plains to the farm upon which he lived. The tracks crossed the highway on a curve, the main track being on the north and being the first track crossed by one leaving the village; the curve turned from the highway towards the south, so that a person standing on the main track could, when there were cars on the next track, see the main track only for a short distance. As the plaintiff approached the crossing an empty coal train was standing on the second track from the north, and obstructed the passage along the highway and the view of the main track. An employee of the defendant told the plaintiff that the train was going to move off immediately, and presently it started, moving to the west and making some noise. At the same time a gravel train, consisting of twelve loaded cars pushed by an engine, backed down on the main track and crossed the highway. A brakeman sitting on the gravel on a car, two or three cars back from the end of the train, called to the plaintiff to get out of the way, but before he could recross the main track he was struck by the train and injured. Evidence was given tending to show that the gravel train was running very fast as it approached the crossing, and that the bell was not rung nor was the whistle sounded.

*Held,* that the question as to the plaintiff's contributory negligence was properly submitted to the jury, and that a verdict in his favor would not be disturbed.

A witness testified that he had often ridden upon railroad trains, had observed their speed and timed them by his watch and estimated their speed; that he did not know as he could accurately judge as to the speed of a train, but thought he could come pretty close to it. He was then allowed to state, against the objection and exception of the defendant, that the train was running from eight to twelve miles per hour.

*Held,* no error.

In the course of the charge the justice commented upon the question of the defendant's negligence, and referred to it as the first question to be considered, and thereafter followed it with instructions as to the question of whether or not the plaintiff was guilty of contributory negligence. In the course of the charge he said: "But in case you find the defendant's agents guilty of negligence which caused the injuries, the next question is whether or not the plaintiff is free from negligence which contributed to the injuries." The

defendant took an exception to the words, commencing with "the next question."

*Held,* that the exception presented no error.

That there was no statute or rule of law which prescribed the order to be pursued by a judge in presenting questions of the character involved in this case to the jury.

APPEAL from a judgment, entered in Delaware county, upon a verdict taken at the circuit in favor of the plaintiff for $1,200, and also from an order denying a motion made upon the minutes for a new trial.

The action was brought to recover damages sustained by the plaintiff, by reason of the defendant's cars colliding with him while he was attempting to cross a highway at Sidney Plains.

On July 31, 1882, plaintiff, aged some sixty-seven years, had been to the village of Sidney Plains, and about eleven o'clock in the forenoon was returning to his home, which was about one mile east of the village; he had passed the tracks of the Delaware and Hudson Canal Company, and going towards the south approached the defendant's tracks where he held a conversation with one Musson, an employee of the defendant. There was a train of empty coal cars standing across the highway, on the second line of tracks of the defendant's road, which prevented persons from passing along the highway. Musson climbed upon the obstructing cars and discovered that they were about to be pushed out of the way, and told the plaintiff to wait, as a gravel train was coming from the west, backing up the main track, which was the one nearest to the plaintiff. There was evidence tending to show that the plaintiff was then standing on a switch, south of the main line, at a point where if he had remained he would probably been safe. Musson told the plaintiff that the train of coal cars was going to move right off and presently it started, making some noise, and at the same time the gravel train was backing south on the main line across the highway. There was evidence tending to show that a brakeman on the gravel train called to the plaintiff to get out of the way, and the plaintiff upon seeing the gravel train approaching recrossed the main track, running in a north-easterly direction, and was hit by the train and thrown down and his arm broken in two places and a rib broken and a gash cut in his heel and was otherwise injured. The gravel train

that run into the plaintiff was composed of twelve loaded cars, a tender and engine. The engine was in the rear backing six cars ahead of it. The train was moving, according to the evidence, very fast as it approached the highway, and there was evidence tending to show that the bell was not rung or the whistle sounded.

There was evidence to the effect that the tracks crossed the highway on a curve, so that when the main track is free from cars and the next track on each side is full of cars, a person standing on the main track in the highway can see only six or eight rods towards the west. It appeared that as the train approached the highway there was a brakeman sitting down on the gravel or dirt, on a car two to four cars from the end of the train, and that there were cars standing south of the main track and west of the highway, which may have obstructed the plaintiff's view. The plaintiff testified that when he first saw the train it was close to him and " he had all he could do to get out of its way, without taking any particular notice of it."

*Isaac S. Newton*, for the appellant.

*William Thorp*, for the respondent.

HARDIN, P. J. :

Whether or not the plaintiff was guilty of contributory negligence at the time he received the injuries from the defendant's train of cars, was made a prominent question on the trial.

A careful consideration of all the facts and circumstances disclosed by the evidence in regard to the situation of the plaintiff and the circumstances surrounding him at the time and instant of the collision, has lead us to the conclusion that the trial judge committed no error in submitting that question to the jury and in refusing the motion for a new trial. It was for the jury to say what inferences should be drawn from all the evidence bearing upon that question. We think the observations of Judge WOODRUFF, in *Ernst* v. *The Hudson River Railroad Company* (36 How., 91) are applicable to this case. He says : " Whatever I might conclude to be the preponderance of evidence, the case seems to me one in which, upon this question, honest, intelligent and impartial men might rationally differ, and if the doubts be such, that such men, acting under a sense of great responsibility, with a single purpose to arrive at the

truth, may reasonably come to opposite conclusions, then it is proper to submit the question to the jury and a nonsuit should not be ordered by the court." (See, also, *Hackford* v. *The N. Y. Cent. and H. R. R. R. Co.*, 53 N. Y., 654; *Cordell* v. *The Same*, 70 id., 119 , *Massoth* v. *Del. and Hud. C. Co.*, 64 id., 524.)

It is difficult to understand from the evidence preceding, what impressions were formed from the surrounding circumstances and the information given to the plaintiff upon his mind at the instant when he was called upon to exert himself for his safety. We think the trial court properly refused to rule as a matter of law that he was negligent. In *Wasmer* v. *The Delaware, Lackawana and Western Railroad Company* (80 N. Y.. 218), Judge EARL says, viz.: "It is easy enough now to see that his effort was a hazardous and unsafe one; but can we say as matter of law that he, situated just as he was, with no time for cool reflection, failed in that care which men of ordinary prudence would exercise under the same circumstances? We think not." It was said in *Hart* v. *The Hudson River Bridge Company*, "the proofs may be indirect and the evidence had by showing circumstances from which the inference may reasonably be drawn, that these principal and essential facts existed (that the plaintiff was free from negligence). When, from the circumstances shown, inferences are to be drawn, which are not certain and uncontrovertible, and· may be differently made by different minds, it is for the jury to make them." (80 N. Y., 622; see, also, *Jones* v. *N. Y. C. and H. R. R. R. Co.*, 28 Hun, 366.)

We agree with the learned counsel for the appellant "that the plaintiff, because of his great deafness, his great age and his sickness, owed to himself extraordinary care. We cannot say, that upon the circumstances before us, as a matter of law, the plaintiff in the exercise of such care did not do just what was, at that instant, understood by him to be prudent and cautious, and it was for the jury to say whether or not he neglected any part of that duty which the law imposes upon such a person similarly situated. The law does not require a delay in the efforts to escape unless the exact measure of the danger is ascertained, where the sudden danger results from the negligence of another." (*Coulter* v. *The American Merchants' Union Express Company* (56 N. Y., 585.) We think there was no error in submitting to the jury whether or not the

bell was rung or the whistle sounded at the time the accident occurred. The plaintiff testified, viz.: "The engine was behind the gravel train, I think; I could not see it; I did not hear it ring a bell or sound the whistle; I am very certain it did not, or I should have noticed it; the train was coming very fast and as I saw the train I wheeled and swung off from where I was standing."

Peck testified, viz.: "I stepped down on the track to see if any were coming and I saw the gravel train; then I stepped back off all the tracks and stood there and they came very swift, and came full speed; they didn't ring any bell at all; I listened for the bell; I always do; and my hearing was as good as it ever was; the train was going fast; * * * a man stood right in the middle of the platform; I did not see him make any motion to any man to get off the track; nor hear any bell; and I noticed the man that stood there; and he never started for the back until some one said "an old man was hurt."

It is true that considerable evidence was given tending to show that the bell was rung, but we think the evidence which we have quoted was such as to require a submission of that question to the jury. They have found that no bell was rung, and, therefore, we must assume that the plaintiff's attention was not called or arrested by any such signal, and we are, therefore, of the opinion that no error was committed in submitting the question of whether or not the plaintiff was guilty of contributory negligence to the jury. We may further refer to *Kellogg* v. *New York Central and H. R. R. R. Co.* (79 N. Y., 72), and the language used therein, as follows, viz.: "Under all the circumstances surrounding the accident we think it was for the jury to determine whether he exercised that care which the law required of him."

*Second.* We think there was no error in receiving the testimony of Parsons upon the subject of the speed of the train, he said, viz.; "I have often rode upon railroad trains; have observed their speed and timed them by my watch and estimated their speed; I don't know as I could accurately judge as to the speed of a train; I think I could come pretty close to it, but I would not be certain."

He was then allowed to state, against the defendant's objection, "that the train was running from eight to twelve miles per hour." We think there was no error in this ruling. (*Salter* v. *Utica and*

*Black River R. R. Co.*, 59 N. Y., 631.) In the course of the judge's charge to the jury he commented upon the question of the defendant's negligence and referred to it as the first question to be considered, and thereafter followed it with instructions to the question of whether or not the plaintiff was guilty of contributory negligence.

The judge in his charge used the following language, viz. : " But in case you find the defendant's agents guilty of negligence which caused the injuries, the next question is whether or not the plaintiff is free from negligence which contributed to the injuries." The defendant took an exception to the words, viz. : " The next question is whether or not the plaintiff is free from negligence which contributed to the injuries." We think that exception presents no error. We know of no statute or rule of law which lays down the order to be pursued by a judge in presenting questions of the character involved in this case to the jury. The order in which questions of law should be discussed by a judge, or questions of fact commented upon before a jury, must be controlled by the discretion of the trial judge.

In *Ernst* v. *The Central Railroad* (36 How., 85), the trial judge adopted the same order that was pursued in this case, and we find in the opinion of Judge CLERKE the following, viz. : " The judge added that if they should come to the conclusion that the defendant was guilty of negligence, then the question would be, was the deceased free from negligence which contributed to the accident." Other cases might be referred to where the same order was adopted in respect to the questions to be considered by the jury, as was used in the case before us. We see no ground upon which the verdict can be disturbed by reason of that order which was adopted by the trial judge. The learned counsel for the appellant has cited no authorities bearing upon the question, and we have found none and recall no precedent which gives sanction to the exception. Several other exceptions are presented in the case before us which have had our attention, and we are of the opinion that they present no error calling for a disturbance of the verdict.

The judgment and order should be affirmed, with costs.

Present—HARDIN, P. J., and BOARDMAN, J.; FOLLETT, J., not sitting.

Judgment and order affirmed, with costs.