LYMAN, *Adm'r, v.* BOSTON & MAINE RAILROAD.

On a motion for a nonsuit, the construction most favorable for the plaintiff must be given.

When all the circumstances under which an accident took place are shown, and upon an examination of them nothing is found in the conduct of the plaintiff to which negligence can fairly be imputed, the mere absence of fault may justify the jury in finding due care on his part.

The fact that a person, in attempting to cross a railroad track, does not before entering upon it stop or look or listen to ascertain whether a train is approaching, is not conclusive, as matter of law, of a want of due care on his part.

CASE, for negligently causing the death of Charles W. Eastman, by running upon him with a locomotive engine at a farm crossing on his land in Exeter, July 18, 1888. The jury had a view of the place and its approaches. The plaintiff's evidence tended to prove that the morning before the accident Eastman, in going over the crossing to his meadow on his mowing machine, stopped and looked both ways before passing the crossing; that in the afternoon of the same day, in going over the crossing from his house to the meadow, riding on a horse-rake, he was struck by a wild engine going towards Boston, and killed; that no whistles were blown, except two or three sharp ones quickly following each other, about the instant the crash was heard; that in going towards Boston, just before reaching the Eastman crossing, the railroad track passes through a cut, and there is a curve in the track; that the engine was running very fast, from thirty-five to sixty miles an hour against time; that the notice, required by the rules of the defendants to be given of a wild engine passing, by the last preceding train carrying a red flag, was disregarded, and Eastman had no notice of a wild engine or extra train being run, and no regular train was due at that point for some time; that an engine does not make as much noise as a train of cars hauled by an engine.

Charles Robinson, a witness for the plaintiff, testified in sub-
stance, subject to the defendants' exception, that July 18, 1888, he
was hauling hay at Haley's crossing, three fourths of a mile from
Eastman's, towards Newmarket, with a pair of horses, on a wagon
with a hay-body sixteen feet long, at the time the wild engine
passed; that he was approaching the crossing with his empty
wagon, and looked up and down as he was about to drive across,
and, not seeing an engine or hearing a whistle, he drove on to the
crossing, and when his horses were half way over, an engine was
near him; that he used his pitchfork on the horses, and cleared
the track from six inches to a foot, when the engine passed; that
he thought the engine was going sixty miles an hour.    It appeared
that the short whistles and the crash at Eastman's crossing were
simultaneous, and, subject to the defendants' exception, the plain-
tiff's counsel, in arguing the question of the defendants' careless-
ness at Eastman's crossing in not seasonably sounding the whistle,
discussed the manner of the defendants' engine passing the Haley
crossing.    The plaintiff was allowed to show, subject to the de-
fendants' exception, rules of the defendants in force at the time of
the accident, requiring wild engines not to be run on crossings over
fifteen miles an hour, when a red flag had not been sent out on the
preceding train.    The defendants' motion for a nonsuit was over-
ruled, subject to exception.    Verdict for the plaintiff.

*Marston & Eastman*, for the plaintiff.

*Frink & Batchelder*, for the defendants.

BLODGETT, J.    Upon a motion for a nonsuit, the court is bound
to give the most favorable construction for the plaintiff (*Imhoff* v.
*Railroad*, 22 Wis. 684) : it must be assumed that the truth of his
evidence was conceded—*Bullard* v. *Railroad*, 64 N. H. 30, and
authorities generally.    It is therefore to be taken as proved in
this case, among other things, that the deceased was struck and
killed on his farm crossing by the defendants' wild engine on the
day alleged; that just before reaching the crossing the railroad
track passes through a cut, and there is also a curve in the track;
that the engine was running very fast, from thirty-five to sixty
miles an hour; that no whistles were blown, except two or three
sharp ones quickly following each other, about the instant the
crash was heard; that the notice, required by the defendants' rules
to be given of the passing of a wild engine, by the last preceding
train carrying a red flag, was disregarded; that the deceased had
no notice of a wild engine or an extra train being run; that no
regular train was due at that point for some time; and that the
rules of the defendants in force at the time of the accident required
wild engines not to be run on crossings over fifteen miles an hour
when a red flag had not been sent out on the preceding train.

From this evidence the jury might legitimately infer, and find, that the defendants failed to exercise due care towards the deceased, and that the want of it was a cause adequate to produce the injury to him which resulted in his death. But as, in an action for negligence, two conditions must concur—a performance of duty by the plaintiff, and a breach of duty by the defendant—the proof of a breach by these defendants did not necessarily give rise to the inference of due care on the part of the deceased, proof of which was essential to the plaintiff's case. The rule, that the burden of proof is on the plaintiff to prove his exercise of proper care, is, however, easily satisfied, and the exercise of such care may be shown by circumstantial as well as by direct proof. It even may, under some circumstances, be inferred from the ordinary habits and dispositions of prudent men, and the instinct of self-preservation. *Huntress* v. *Railroad, ante, p.* 185; *Johnson* v. *Railroad,* 20 N. Y. 65; *Northern Central Railway* v. *State,* 29 Md. 420, 428— S. C., 31 Md. 357; *Cleveland & P. Railroad* v. *Rowan,* 66 Pa. St. 393; *Weiss* v. *Railroad,* 79 Pa. St. 387; Pierce R. R. 299. And when all the circumstances under which an accident took place are put in evidence, and upon an examination of them nothing is found in the conduct of the plaintiff to which negligence can fairly be imputed, the mere absence of fault may justify the jury in finding due care on his part. *Mayo* v. *Railroad,* 104 Mass. 137; *Milwaukee & C. Railroad* v. *Hunter,* 11 Wis. 160; Pierce R. R. 300.

In the present case, nothing is found to which negligence on the part of the deceased can fairly be imputed; but, on the other hand, circumstances are shown from which the jury might well infer that he exercised the care and circumspection properly to be demanded from one in his situation; and it is only when the whole evidence on which the plaintiff's case rests shows conclusively that he was careless, or when there is no evidence tending to show the contrary, that it is deemed to be the duty of the court to withdraw the case from the jury, or to direct a verdict for the defendants. *Mayo* v. *Railroad, supra; Gahagan* v. *Railroad,* 1 Allen 187; *Fox* v. *Sackett,* 10 Allen 535.

It is true that it does not definitely appear that the deceased used any precautions to avoid the collision. But it is a presumption of common sense as well as of the common law, that persons of mature years, and in possession of their senses, are ordinarily prudent, and will exercise ordinary diligence to avoid danger; and besides, the unadvertised approach of the train through the cut and around the curve, at a time when no regular train was due, at a forbidden rate of speed of from fifty to ninety feet a second, and without warning or notice of any kind until it was in close proximity, gave the deceased little or no opportunity to escape the result which followed, and to this extent tended to exclude fault on his part; for he had the right, under the circumstances and

within reasonable limits, to act upon the belief that the defendants would observe their own rules at least (*State* v. *B. & M. Railroad*, 58 N. H. 408, 410, *Nutter* v. *Railroad*, 60 N. H. 485, *Copley* v. *Railroad*, 136 Mass. 6, 9, *Pennsylvania Co.* v. *Stegemeier*, 118 Ind. 305, *S. C.*, 10 Am. State Rep. 140), or if they would not, and should thereby cause unusual peril to himself and other travellers, that they would meet such peril by corresponding precautions. *Klein* v. *Jewett*, 26 N. J. Eq. 474, 479, 480—*S. C.*, 27 N. J. Eq. 550. In the absence of notice to the contrary, one person is justified in presuming that the other will act in accordance with the rights and duties of both; and this is not negligence, or imprudence. *Johnson* v. *Belden*, 2 Lans. 437; *Davenport* v. *Ruckman*, 37 N. Y. 573; *Milton* v. *Hudson River Steamboat Co.*, *id.* 212. And if the deceased had stopped at the crossing before attempting to pass over it, and had made a vigilant use of his senses of sight and hearing, it would by no means follow, taking into consideration the great speed of the engine, the untimely warning that was given of its approach, the obstructed view of the track, and the other existing conditions, that he would have seen or heard it in season to escape; and if he would not, certainly no fault is properly imputable to him for not doing what it would have been useless for him to do. *Leonard* v. *Railroad*, 42 N. Y. Super. Ct. 225; *Davis* v. *Railroad*, 47 N. Y. 400; *Hackford* v. *Railroad*, 53 N. Y. 654. And even if it were admitted that he neither stopped, nor looked, nor listened, it would not, as matter of law, be conclusive of his want of care contributing to the injury. *State* v. *M. & L. Railroad*, 52 N. H. 528; *Nutter* v. *Railroad*, *supra*; *Garland* v. *Railway*, 8 Bradw. 571; *Kellogg* v. *Railroad*, 79 N. Y. 72; *Eilert* v. *Railroad*, 48 Wis. 606; *Chaffee* v. *Railroad*, 104 Mass. 108, 116. It depends upon the attendant circumstances. *Pittsburgh, etc., Railway* v. *Wright*, 80 Ind. 236; *Shaber* v. *Railway*, 28 Minn. 103. The question presented would be one of fact, and the defendants' negligence might be regarded by the jury as a sufficient excuse for the decedent's want of the precautions adverted to; and it is their province to determine. *Nutter* v. *Railroad*, *supra*.

A plaintiff is not required in all cases to prove that he looked and listened. It may be inferred, in view of the circumstances, that he did what a prudent man would do to save his life, and was governed by the instinct of self-preservation. *Weiss* v. *Railroad*, *Railroad* v. *Rowan*, *Northern Central Railway* v. *State*, and *Johnson* v. *Railroad*, *supra*; *Richey* v. *Railroad*, 7 Mo. App. 150; *Donaldson* v. *Railroad*, 18 Iowa 280; *Solen* v. *Railroad*, 13 Nev. 152; *Waldele* v. *Railroad*, 19 Hun 69; *Pennsylvania Railroad* v. *Weber*, 76 Pa. St. 157; *Schum* v. *Railroad*, 107 Pa. St. 8. And this inference is especially justifiable when, as in this case, the circumstances are such that with the use of his senses he might not have seen or heard the train. *Ingersoll* v. *Railroad*, 6 Th. & C. 416; *Massoth* v. *Del. & H. Canal Co.*, 64 N. Y. 524. But aside from this infer-

ence, it might fairly have been found by the jury that the deceased did stop at the crossing and look up and down the track before entering upon it, because there was direct testimony that he did both these things on the preceding morning, and this was competent proof tending to show that he did so at the time in question. *Parkinson* v. *Railroad*, 61 N. H. 417, and cases cited.

We are therefore of opinion that the case falls within the general rule, that negligence is a question of fact,—to be found, however, under the instructions of the court,—and not one of law; and unless we can say, as we cannot, that there was no evidence and nothing in the circumstances proved fairly to uphold a verdict for the plaintiff, it must be held that the case was properly submitted to the jury. While a nonsuit should always be granted when the proof is so clear as to warrant the assumption that if the question was submitted to the jury they would find that the culpable negligence of the plaintiff contributed to the injury, it should never be granted when the question arises on a state of facts on which fair-minded men may arrive at opposite conclusions. Almost always, negligence is to be deduced as an inference of fact from a variety of facts and circumstances disclosed by the testimony; and when this is so, unless the evidence is certain and incontrovertible, it is the judgment and experience of the jury, and not of the court, which are to be appealed to. See *Gaynor* v. *Railway*, 100 Mass. 213, and *Hinckley* v. *Railroad*, 120 Mass. 265, 266.

The testimony of Robinson, as to the management and speed of the engine at a crossing three fourths of a mile from the one where the accident happened, was properly admitted, as tending to show its management and speed at the place of accident, within a minute or so afterwards (*Nutter* v. *Railroad* and *Parkinson* v. *Railroad, supra*), and was a legitimate subject of argument by the plaintiff's counsel upon the matter of the defendants' want of care at that place.

The remaining exception, that it was not competent to show the rule of the defendants requiring wild engines not to be run on crossings over fifteen miles an hour when a red flag had not been sent out on the preceding train, requires no consideration.

*Exceptions overruled.*


Bingham, J., did not sit: the others concurred, except Carpenter, J., who concurred in the result.