MAXWELL v. THOMAS et al.

(Supreme Court, Appellate Division, Second Department. June 7, 1898.)

INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

In an action to recover damages for personal injuries resulting from the alleged negligence of the defendants, it appeared that the plaintiff, an employé of the defendants, was engaged in unloading a truck by carrying heavy articles across a platform to an elevator; and having just loaded the elevator, and returned to the truck for a heavy machine which was to go up on the next trip, he backed along the platform towards the elevator door, without looking to see if it had been closed, and, as it had negligently been left open, he fell into the shaft, and was injured. *Held*, that he was guilty of contributory negligence.

Appeal from trial term, Kings county.

Action by William J. Maxwell, by Mary E. Maxwell, his guardian ad litem, against Aaron S. Thomas and others. From a judgment in favor of defendants on a dismissal of the complaint at close of plaintiff's case, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and WOODWARD, JJ.

Samuel S. Whitehouse, for appellant.

J. Warren Greene, for respondents.

WILLARD BARTLETT, J.   At the close of the evidence in behalf of the plaintiff, his complaint was properly dismissed, because the proof showed that he had been guilty of contributory negligence. He was engaged in doing work as a truckman for the defendants, who were manufacturers of shoes, having a factory in Brooklyn. There was an elevator in this establishment, upon which goods were carried to and from a platform over the sidewalk in front of the factory. A door opened from the elevator shaft upon this platform. It slid up and down, and the habit of the person operating the elevator was to close it when he started up with a load. The elevator shaft extended below the level of the platform some 15 or 20 feet, and if the door were left open after the elevator went up, and a person heedlessly walked through the door, he would fall that distance to the floor of the basement. That was the precise situation, and that was exactly what happened in the present case. The plaintiff's truck having been backed up to the platform, a case of goods was taken off, conveyed to the elevator, and placed thereon, after which the plaintiff returned to the truck to unload a heavy machine which was subsequently to be carried up by the elevator. He knew that it could not be taken up with the case of goods, and that the elevator would have to ascend and descend before he could put the machine on. Nevertheless, the plaintiff, in attempting to put a skid in place, for the purpose of unloading the machine, backed along the platform towards the door, without looking to see whether it was open or shut, and, as the elevator man happened to have left it open, fell through the door, to the bottom of the shaft, breaking his kneecap and fracturing his wrist.

We seldom have presented for review a clearer case of carelessness on the part of the injured plaintiff in a negligence suit. The plaintiff here was familiar with the place where he was at work, and knew the risk he ran in moving backward towards the door in the shaft. It is true that he says he did not know whether the elevator was up or whether it was down, and thought the door was closed, as it should have been. He also tells us that it was the duty and had been the custom of the elevator man to close the door when he went up with a load. But a knowledge of this habit did not absolve the plaintiff from all obligation to exercise care in approaching the door, or permit him practically to shut his eyes when he went towards it; for he might just as well have approached it blindfolded as backward. He was fully aware that the elevator ought already to have gone up with the case, and that the elevator man

might omit to close the door when it went up; and, under these circumstances, the commonest prudence demanded that he should at least look towards the place where he thought the door ought to be. A single glance would have shown him that, if he kept on, he would go through the opening, and into the shaft, instead of striking the door, as he must have expected to do on the supposition that the door was down. We think that his omission to look before or while thus moving was manifestly imprudent, and was the main cause of the accident.

The case is not at all like Schmitt v. Insurance Co., 13 App. Div. 120, 43 N. Y. Supp. 318, where the customary warnings of the irregular movements of an elevator were omitted, and, in consequence of the omission, a man working in the elevator shaft was killed. The distinction is plain. There the workman was obliged to do his work in the shaft under circumstances which rendered it impossible for him at the same time to keep a constant lookout for the movements of the elevator, and he had no reason to expect any such movement unless the warning was given. Here, however, as has already been pointed out, the plaintiff ought to have expected that the elevator would go up, inasmuch as it could not receive the machine which he was unloading from the truck until it had carried up and discharged the case of goods previously placed upon it.

In dismissing the complaint, the learned trial judge based his decision not only upon the contributory negligence of the plaintiff, but also upon the assumption that the plaintiff and the elevator man were fellow servants. The evidence as to the character of the plaintiff's employment is not as full or specific as could be desired, and it is not necessary that we should express any opinion upon this point.

Judgment affirmed, with costs. All concur.