(112 App. Div. 387)

### FINK v. HARTOG & BEINHAUER CANDY CO.

(Supreme Court, Appellate Division, Second Department.  April 20, 1906.)

MASTER AND SERVANT—SERVANT'S INJURIES—CONTRIBUTORY NEGLIGENCE.

Where a servant in a factory stopped a freight elevator at one of the floors, but the elevator, owing to some defect, went up, and the servant, on returning to the shaft, intending to go down on the elevator, walked into the open shaft, there being daylight at the place and the shaft being plainly visible, he could not recover for his injuries because of contributory negligence.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 706–709.]

Appeal from Trial Term, Kings County.

Action by Charles Fink against the Hartog & Beinhauer Candy Company.  From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.  Reversed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

L. Sidney Carrere, for appellant.

Edward J. McCrossin, for respondent.

GAYNOR, J.  The plaintiff testified that he went up alone from the ground floor to the third floor by the elevator with a hand truck to get some boxes of candy; that he stopped the elevator and wheeled his truck off some considerable distance to the middle of the floor and loaded it; that he then pulled it over to within four or five feet from the elevator, noticed that the elevator platform was about an inch above the room floor, and went upon it and let it down level with the floor; that it stopped there, and he immediately stepped off and took hold of his truck and pulled it to the elevator to go upon it, but instead went down the open shaft, the elevator having meanwhile gone up; that he did not go backwards in pulling the truck, but forwards to the elevator.  The accident happened in daylight, and the elevator could be seen without difficulty.  The plaintiff's brother, a fellow workman, corroborated him.

For the plaintiff to walk into the open shaft in this way was plain negligence.  The case of Dieboldt v. United States Baking Co., 72 Hun, 403, 25 N. Y. Supp. 205, seems to be applicable.

The plaintiff's brother and another fellow workman testified that the elevator would sometimes when standing start and go up to the top or down to the bottom of its own accord, because of a defect.  Even so, the plaintiff walked right into the open shaft, according to his own story.

But the evidence for the plaintiff's side is not only inherently improbable, but most seriously contradicted. A girl working on the same floor testified that when the plaintiff had loaded his truck he went backwards pulling it all the way over to the elevator shaft and into it without stopping, meanwhile looking at her and singing a song to her. A member of the defendant testified that he came up in the elevator with the plaintiff, let him off at the third floor, and then continued on to a floor above, where he left the elevator to have some freight put on it. He came down by the stairs to the third floor and saw the accident. He corroborated the girl as to how it happened.

The judgment should be reversed on the law and the facts.

Judgment reversed, and new trial granted; costs to abide the event. All concur.