(61 Misc. Rep. 315.)

KAPLAN v. J. C. LYONS BUILDING & OPERATING CO.

(Supreme Court, Appellate Term.    December 16, 1908.)

CARRIERS (§ 328*)—INJURIES—CONTRIBUTORY NEGLIGENCE—ENTERING ELEVATOR WITH NO ONE IN CHARGE.

The fact that the door of a passenger elevator is open is not an invitation to enter when no one is in charge; and it is negligence for a person to enter under such circumstances.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 328.*]

---

.*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Moses Kaplan against the J. C. Lyons Building & Operating Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Frank V. Johnson (Louis Cohn, of counsel), for appellant.

Charles S. Rosenthal, for respondent.

HENDRICK, J. The weight of the evidence does not sustain the plaintiff's contention. He is uncorroborated, and describes a condition of affairs that is highly improbable, if not impossible. It is not contended that the elevator and machinery were not in perfect order, so that the only negligence attempted to be shown was in the act of defendant's servant, the elevator attendant. On that point the evidence of the defendant is positive that the elevator man was not in the building at the time, and it would require more than the impossible story of the plaintiff to overcome that testimony. Moreover, I do not think that the plaintiff's freedom from contributory negligence was shown. He walked into the elevator while it stood there empty and without any one in control. He placed himself in a position of danger. The mere fact that the door was open was not an invitation to get into the elevator when no one was in charge of it. Green v. Urban Contracting & Heating Co., 106 App. Div. 460, 94 N. Y. Supp. 743.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event. All concur.