BRUDIE v. RENAULT FRERES SELLING BRANCH, Inc.

(Supreme Court, Appellate Division, First Department.  May 6, 1910.)

NEGLIGENCE (§ 67*)—CONTRIBUTORY NEGLIGENCE—WALKING INTO ELEVATOR SHAFT.

> Defendant was engaged in trucking automobiles to a brick building, where they were unloaded by backing the truck up to the curb and letting the automobiles down on the pavement and running them through an opening in the wall onto an elevator platform when the automobiles were raised on the elevators. The wall of the building was two feet thick, and the elevator was six inches inside the wall. After decedent had unloaded the automobile from his truck, he stood on the pavement in front of the building, whether to assist in unloading the other trucks, or to wait until they were unloaded, not appearing, and while the elevator was raised he walked backward into the elevator shaft and was killed; the shaft door not having been closed by the operator, as was usually done. It did not appear why decedent walked into the shaft. *Held*, that decedent was guilty of contributory negligence so as to bar recovery for his death.

> [Ed. Note.—For other cases, see Negligence, Cent. Dig. § 90; Dec. Dig. § 67.*]

Appeal from Trial Term, New York County.

Action by Annie Brudie, as administratrix of William Brudie, deceased, against the Renault Freres Selling Branch, Incorporated. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Paul Grout, for appellant.

Wm. Edgar Weaver, for respondent.

MILLER, J. This action was brought to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the defendant's negligence. The deceased was a truckman in the employ of one P. Brady, who had a contract with the defendant to cart its automobiles from the Custom House to its place of business. On the day of the accident, the deceased, with three other men, each driving a truck loaded with an automobile, arrived at the defendant's place of business. The method of unloading was to back the truck up to the curb, to let the automobile down on skids by means of a winch, and to run it through an opening in the wall onto an elevator platform, and then to run the elevator to the floor where it was desired to unload the automobile. It was 10 feet from the curb to the building line. The wall of the building was 2 feet thick, and the elevator was 6 inches inside the wall. The elevator well was 13 feet deep below the ground floor. On the inside of the wall there was a door which, when pulled

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

down, completely closed the entrance to the elevator well from the street. It was the habit of the operator of the elevator to pull down the door before raising the elevator. The deceased's truck was the first one unloaded, and thereupon he drove it across the street, came back, and stood on the sidewalk in front of the defendant's premises. Whether he did that to assist in unloading the other trucks, or whether he was merely standing about, waiting for them to be unloaded, does not appear. Three trucks had been unloaded in the manner described. It is to be inferred that, when the elevator went up the third time, the operator did not close the door because, before the fourth truck was unloaded, the deceased was observed to walk backward into the elevator shaft, and he died from the injuries received from the fall. There is no evidence whatever to account for his thus walking backward into the shaft, except the bare fact that he did so. While the plaintiff contends that there is some evidence that he slipped on the sidewalk and fell into the elevator well, the fact is that that is conjecture.

From the foregoing statements of facts, it must appear that there is no evidence whatever upon which to base a finding that the deceased was free from contributory negligence. Upon very similar facts it was held, in Maxwell v. Thomas, 31 App. Div. 546, 52 N. Y. Supp. 30, that one backing into an elevator well without looking to see whether the door was open or shut was guilty of contributory negligence as a matter of law. That case was more favorable to the plaintiff, in that it appeared that the plaintiff was attempting to put a skid in place, and thus may have had his attention for the moment diverted from the fact that he was near an opening into an elevator well.

The judgment should be reversed, and a new trial granted, with costs to abide the event. All concur.