BRUDIE v. RENAULT FRERES SELLING BRANCH, Inc.

(Supreme Court, Appellate Division, First Department.   December 6, 1912.)

1. APPEAL AND ERROR (§ 994*)—TRIAL AFTER REVERSAL—CREDIBILITY OF WITNESSES—QUESTION FOR JURY.

The fact that witnesses testify more strongly for a party at the second trial, after reversal for insufficiency of the evidence, than they did at the first trial, goes only to their credibility, which is for the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3901–3906; Dec. Dig. § 994.*]

2. DEATH (§ 75*)—NEGLIGENT DEATH—CONTRIBUTORY NEGLIGENCE.

Where one sues for the negligent death of his intestate, less evidence of freedom from contributory negligence of the intestate is sufficient than where one sues for a personal injury and can testify.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 93, 95; Dec. Dig. § 75.*]

3. NEGLIGENCE (§ 136*)—CONTRIBUTORY NEGLIGENCE—FALLING DOWN ELEVATOR SHAFT.

Where, in an action for death caused by decedent falling into an unguarded elevator shaft, there was evidence that decedent slipped on the sidewalk and fell into the shaft while defendant showed that decedent walked heedlessly backwards until he fell into the shaft, the question of contributory negligence must be submitted to the jury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*].

Ingraham, P. J., and Dowling, J., dissenting.

Appeal from Trial Term, New York County.

Action by Annie Brudie, as administratrix, against the Renault Freres Selling Branch, Incorporated. From a judgment of dismissal after trial, plaintiff appeals. Reversed, and new trial granted.

See, also, 138 App. Div. 112, 122 N. Y. Supp. 963.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Wm. Edgar Weaver, of Whitestone, for appellant.
Edward M. Grout, of New York City, for respondent.

SCOTT, J. Appeal from a judgment for defendant upon a dismissal of the complaint. Upon a former appeal this court reversed a judgment in favor of the plaintiff, because there was no evidence to show that the deceased had been free from contributory negligence. It is unnecessary to again recite the facts which were fully dealt with in the former opinion. 138 App. Div. 112, 122 N. Y. Supp. 963.

The deceased fell into an unguarded elevator shaft on defendant's premises, in close proximity to the sidewalk. There was quite sufficient evidence to take the case to the jury on the question of defendant's negligence. It appeared, however, that deceased had been standing with his back to the shaft, and the evidence tended to show that he had heedlessly walked backwards until he fell into the shaft. The plaintiff's claim then was that her decedent had slipped, and that it was this slipping which had caused him to fall. Upon this subject the court said:

"While the plaintiff contends that there is some evidence that he slipped on the sidewalk and fell into the elevator well, the fact is that that is conjecture."

[1-3] On this trial the plaintiff did offer evidence which, if believed, would justify a finding that the deceased did in fact slip, and that it was this slipping which caused him to fall. Of course, if the jury so found, they would be justified in finding that the decedent had not contributed by his own negligence to the happening of the accident. It may be said that the evidence as to the slipping is not very persuasive, and there are indications that certain of the witnesses testified more strongly in favor of plaintiff at the second trial than they had done at the first; but these considerations go only to the credence to be given to the evidence, and that is a question for the jury. It is well established that less evidence of lack of contributory negligence is required than where the injured person is alive and can testify for himself. In view of the existence of this rule, and of the fact that there was evidence as to the slipping, we think that a case was made for the jury, and that it was error to dismiss the complaint.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.

McLAUGHLIN and CLARKE, JJ., concur. INGRAHAM, P. J., and DOWLING, J., dissent.