JACOB SACKHEIM, as Administrator of the Estate of JEAN SACKHEIM, Deceased, Appellant, *v.* WILLIAM G. PIGUERON, Respondent.

Evidence — action to recover damages for causing death — burden of proof of contributory negligence — effect of section 841-b of Code of Civil Procedure.

1. Section 841-b of the Code of Civil Procedure (enacted by L. 1913, ch. 395, to take effect September 1, 1913), relating to the " Trial and burden of proof of contributory negligence," which provides that " On the trial of any action to recover damages for causing death, the contributory negligence of the person killed shall be a defense, to be pleaded and proven by the defendant," establishes a rule of evidence and order of proof, which was subject to modification and control by the legislature and applicable upon the trial of then existing actions. It operates only as a change of procedure and applies to an action to recover damages for death, although the accident causing death and the commencement of the action antedated the enactment of the statute.

2. Such change in order of proof does not operate to permit a plaintiff to recover in an action for death resulting from an accident unless the proximate cause of the accident was the negligence of the defendant.

3. Plaintiff's intestate, employed in an office on the sixteenth floor of an office building, met her death by falling down an elevator shaft. On leaving the office she turned to the left to the elevator which was on the same side of the hall and a few feet from the office. She was heard to call " Down, Sixteen" and then to scream. There was evidence which would justify a finding by a jury that the elevator had passed down; that the door to the elevator shaft had been left wide open; that the lock on the door was not such as was in common use, and that there were better and well-known appliances in use for locking elevator doors. *Held,* that it was error for the trial court to dismiss the complaint at the close of plaintiff's case on the ground that, as matter of law, "the deceased walked into an open elevator shaft in daylight, and, therefore, was guilty of contributory negligence." (*Greif* v. *Buffalo, Lockport & Rochester Ry. Co.,* 205 N. Y. 239, distinguished.)

*Sackheim* v. *Pigueron,* 163 App. Div. 180, reversed.

(Argued March 3, 1915; decided May 25, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered August 6, 1914, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The defendant is the owner of an eighteen or nineteen-story office building in the city of New York, and maintained and operated three elevators for the accommodation of his tenants.

February 23, 1912, plaintiff's intestate, a young lady employed as a bookkeeper and stenographer by one Cirincione, a tenant of defendant, met her death in the elevator shaft, and this action was brought to recover damages therefor.

At the close of the plaintiff's case the complaint was dismissed by the trial justice upon the ground "that the deceased walked into an open elevator shaft in broad daylight, and under the decisions, she was guilty of contributory negligence."

The judgment entered upon the decision of the trial court was affirmed by the Appellate Division and plaintiff appeals to this court.

Further facts appear in the opinion.

*Pierre M. Brown* and *William F. Purdy* for appellant. Section 841-b of the Code of Civil Procedure was prospective in effect. It contemplated and was applicable to the trial of the cause, and not to the cause of action itself. (Cooley's Const. Lim. [7th ed.] 524–526; *Webb* v. *Den*, 17 How. [U. S.] 576; *Gilliam* v. *Guaranty Trust Co.*, 186 N. Y. 127; *Dodin* v. *Dodin*, 16 App. Div. 42; 162 N. Y. 635; *Theobald* v. *Smith*, 103 App. Div. 200; *Carpenter* v. *B. G. El. Co.*, 213 N. Y. 101; *Richards* v. *Hartshorne*, 110 App. Div. 650; *Forster* v. *Essex Bank*, 16 Mass. 245.) There is no such thing as a vested right in a rule of evidence or method of procedure. (*Wallace* v. *W. N. C. R. Co.*, 104 N. C. 442; *Matter of Davis*, 149 N. Y. 539;

*Laird* v. *Carton,* 196 N. Y. 169; *Howard* v. *Moot,* 64 N. Y. 262; *Potter* v. *Ogden,* 136 N. Y. 384; *Southwick* v. *Southwick,* 49 N. Y. 510; *Lamport* v. *Smedley,* 213 N. Y. 82; 155 App. Div. 516; *Thayer* v. *Seavey,* 11 Maine, 284; *Gut* v. *State,* 9 Wall. 35; *Davidson* v. *Witthaus,* 106 App. Div. 182.) Even if section 841-b of the Code of Civil Procedure were not applicable to this case, still the question of contributory negligence on the part of the deceased should have been left to the jury, and the court erred in dismissing the complaint upon the ground stated. (*Morrison* v. *Met. Tel. Co.,* 69 Hun, 100; *Tousey* v. *Roberts,* 114 N. Y. 312; *Dawson* v. *Sloan,* 17 J. & S. 304; *Wolf* v. *Devitt,* 83 App. Div. 42; *Sheyer* v. *Lowell,* 134 Cal. 357; *Brosnan* v. *Sweetser,* 127 Ind. 1; *D., L. & W. R. R. Co.* v. *Converse,* 139 U. S. 469; *Brudie* v. *Renault Freres S. Branch,* 138 App. Div. 112; *Kaplan* v. *Lyons B. & O. Co.,* 61 Misc. Rep. 315; *Green* v. *Urban Cont. Co.,* 106 App. Div. 460.)

*Carl Schurz Petrasch* and *George W. Smyth* for respondent. The plaintiff is not entitled to urge in this court that section 841-b of the Code of Civil Procedure was applicable to the trial of this action. (*Caponigri* v. *Altieri,* 165 N. Y. 255; *G. & W. Ry. Co.* v. *N. Y. C. & H. R. R. R. Co.,* 163 N. Y. 228; *Daley* v. *Brown,* 167 N. Y. 381; *Brozek* v. *Steinway Ry. Co.,* 161 N. Y. 63; *York* v. *New York, O. & W. R. R. Co.,* 108 App. Div. 126; *Greif* v. *B. L. & R. Ry. Co.,* 205 N. Y. 239.) Section 841-b of the Code does not effect merely a method of procedure, nor is it merely a change in a rule of evidence; it alters the substance of the law as it stood at the time the cause of action arose. (*Lazarus* v. *M. El. R. R. Co.,* 145 N. Y. 581; *Johnson* v. *H. R. R. R. Co.,* 20 N. Y. 65; *Wilds* v. *H. R. R. R. Co.,* 24 N. Y. 430; *Warner* v. *N. Y. C. R. R. Co.,* 44 N. Y. 465; *Cordell* v. *N. Y. C. & H. R. R. R. Co.,* 75 N. Y. 330; *Dobbins* v. *Brown,* 119 N. Y. 188; *Western* v. *City of Troy,* 139 N. Y. 281; *Ives* v.

*S. B. R. R. Co.*, 201 N. Y. 271; *Glendening* v. *Shark*, 22 Hun, 78; *Rathbone* v. *West & Payne*, 19 Wend. 399.) Inasmuch as section 841-b of the Code effected a change in the substantive law in effect at the time the cause of action arose, the said section, if applicable to actions pending at the time it was enacted, is retroactive. (*City of New York* v. *Foster*, 148 App. Div. 258; 205 N. Y. 593; *Ross* v. *Lettice*, 68 S. E. Repr. 734, 866; *Raisden* v. *Golden*, 15 Ohio St. 207; *Gray* v. *City of Toledo*, 80 Ohio St. 445; *Ducey* v. *Patterson*, 47 Colo. 216; *Weller* v. *Wheelock*, 155 Mich. 698; *Sturges* v. *Carter*, 114 U. S. 511.) The plaintiff's intestate was guilty of contributory negligence as a matter of law. (*Wilcox* v. *City of Rochester*, 114 App. Div. 734; *Tousey* v. *Roberts*, 114 N. Y. 312; *Morrison* v. *Met. Tel. Co.*, 69 Hun, 100; *Kaplan* v. *Lyons B. & O. Co.*, 61 Misc. Rep. 315; *Green* v. *Urban C. & H. Co.*, 106 App. Div. 460; *Fink* v. *Hartog*, 112 App. Div. 387; *Maxwell* v. *Thomson*, 31 App. Div. 546; *Brudie* v. *Renault Freres Selling Branch*, 138 App. Div. 112; *Baxter* v. *A. & S. El. R. R. Co.*, 190 N. Y. 439; *Lamb* v. *Union Ry. Co.*, 195 N. Y. 260.) The nonsuit was proper because there was no testimony tending to prove plaintiff's intestate free from contributory negligence. (Nichols on Practice, § 2786; *Starer* v. *Stern*, 100 App. Div. 393.)

*Albert Massey* for James S. Meng, as executor of Henry Bischoff, intervening.

HOGAN, J. Two questions were argued on this appeal: *First.* Upon the evidence offered in behalf of plaintiff was the deceased as matter of law guilty of contributory negligence?

*Second.* Was it incumbent upon defendant to plead and establish as a defense negligence of the deceased?

In the consideration of the first question we approach an examination of the evidence adduced by the plaintiff, controlled by two well-established rules: (a) The plaintiff is entitled to the most favorable inferences deducible from

[215 N. Y.]        Opinion, per HOGAN, J.        [May,

the evidence, and all disputed facts are to be treated as established in his behalf; (b) the intestate having been killed, less evidence was required from her personal representatives to establish her freedom from negligence than would have been required from her if she had survived and been able to testify.

The evidence tended to show that Cirincione, the employer of the deceased, occupied an office on the 16th floor of defendant's building, located upon the side of the corridor and next to the elevator shaft where the intestate met her death. Assuming for the purposes of location (as the plan does not give the points of the compass), the corridor ran north and south, the entrances to the elevator and to Cirincione's office were on the westerly side of the corridor, and the distance north from the doorway leading into Cirincione's office to the entrance of the elevator was about eight or nine feet.

The intestate on the day in question, about ten minutes before twelve o'clock, noon, made an engagement by telephone to meet a lady friend at luncheon, and notified the manager of the office she was going to lunch and "would return soon." She prepared to go out, opened the door and called, "Down, sixteen." Having passed out through the doorway it was necessary she should then proceed north a distance of eight or nine feet and enter the elevator door west, or upon her left. After she left the office and within four or five seconds the manager heard a scream, and immediately went out in the corridor and saw the elevator door open the full width of the same. One Richter, a tenant in the building, occupying an office directly east of Cirincione, heard a scream, opened the door leading from his office to the corridor and there observed the door leading to the elevator open about two feet. Another witness heard a scream, went into the corridor and observed the elevator door open and indicated the extent of the opening, which upon measurement proved to be about forty inches.

The evidence disclosed that preceding the day of the accident, and immediately following the same, the door opening into the elevator shaft when pushed to did not lock, but would rebound, so that the same would be open from six inches to one-half the width of the opening, dependent upon the force used in the attempt to close the same, and the operator of the car on a number of occasions having pushed the door to close the same was obliged to return with the elevator and close the door after it had rebounded.

There was some evidence which would justify the inference that the elevator in the shaft in question had passed down the same just before the accident. The operator of the same heard something strike the roof of the car, but at what particular place the car was at that time does not appear. The operator stopped the car at the first floor, went up to the second floor, looked down and saw a hat on the roof of the car and then went to the basement where he found the body of plaintiff's intestate. The plaintiff sought to show, and the fact was considered as established by the trial justice in deciding the motion to dismiss the complaint, that the lock on the door to the elevator was not a lock such as was in common use, and that there were better well-known appliances in use for locking the door.

From the facts, as developed, we are not permitted to draw the inference that the intestate in daylight consciously walked into the elevator shaft to meet her death. Other well-grounded inferences are possible from the evidence in this case. The ordinary habits, conduct and motives of individuals are entitled to some weight in drawing conclusions from circumstances. The deceased had been employed in the same office for a period of three years. She seemed cheerful and happy as she left the office on the day that she met her death, and had announced to the manager her intention to return very early. She was about to meet a companion pursuant to

her telephone communication, and the jury might have found upon the evidence that the door leading to the elevator was wide open, that the intestate having called "Down, sixteen," and observing the door open, was by the negligence of the defendant lured into a belief that the elevator car was at that floor, and she might fairly believe that the elevator car was at the sixteenth floor awaiting her in response to her call made upon emerging from her place of employment. The door being opened practically the whole width of the same, was in some degree at least an invitation for her to enter through the same. Under all of the circumstances of this case, we cannot say that the inferences to be drawn from them are certain and uncontrovertible, and that different minds might not reach diverse conclusions. We do not agree that the deceased, as a matter of law, might not have a right to rely upon the conditions and surroundings as the same appeared to her. The questions of negligence were peculiarly for the jury to pass upon and the ruling of the trial justice that as matter of law "the deceased walked into an open elevator shaft in daylight and, therefore, was guilty of contributory negligence," was error. The statement of such a general rule excludes a consideration of the circumstances attending the accident, irrespective of the facts surrounding the same.

In *Maxwell* v. *Thomas* (31 App. Div. 546), *Brudie* v. *Renault Frères Selling Branch, Inc.* (138 App. Div. 112) and *Dieboldt* v. *U. S. Baking Co.* (72 Hun, 403) a right of recovery was denied because the deceased, or plaintiff, undertook to walk backward into an elevator shaft.

In *Fink* v. *Hartog & Beinhauer Candy Co.* (112 App. Div. 387) plaintiff claimed that he undertook to board an elevator and fell down the shaft; that the accident happened while he was facing the elevator shaft; he had a judgment at the Trial Term, which was reversed by the Appellate Division. It appeared by the testimony of witnesses called for the defendant that the plaintiff had

loaded his truck and was pulling the same backward, and as he walked backward towards the elevator shaft he went into it without stopping, and the Appellate Division reversed on the law and the facts.

In *Kaplan* v. *Lyons Building & O. Co.* (61 Misc. Rep. 315) and in *Green* v. *Urban Contr. & Heating Co.* (106 App. Div. 460) the parties injured stepped into an elevator car which was standing at the floor with no one in control. Other cases are cited where the accident occurred in the dark.

The conclusion reached by us is sustained by the following cases: *Jolliffe* v. *Miller* (126 App. Div. 763; affirmed, 196 N. Y. 504); *Wilcox* v. *City of Rochester* (190 N. Y. 137); *Tousey* v. *Roberts* (114 N. Y. 312); *Morrison* v. *Metropolitan Tel. & Tel. Co.* (69 Hun, 100).

The application to the case at bar of section 841-b of the Code of Civil Procedure, which took effect September 1, 1913, was considered in the opinion of Presiding Justice INGRAHAM (163 App. Div. 180, 181), and in view of a conflict of decisions in the courts and a new trial of this action, must be determined on this appeal. Section 841-b will be found in chapter 9 of the Code of Civil Procedure, entitled "Evidence," under title 1 of that chapter, designated "General Regulations respecting evidence and the competency and mode of examination of a witness," and reads:

"§ 841-b. Trial and burden of proof of contributory negligence.— On the trial of any action to recover damages for causing death the contributory negligence of the person killed shall be a defense, to be pleaded and proven by the defendant."

The accident resulting in the death of the intestate occurred February 23, 1912. Issue was joined May 17th, 1912, prior to the enactment of the section quoted. The action was tried January 28th, 29th, 1914, when the provision of the Code was in effect.

The question of pleading does not arise in the case at

bar, as the defendant in his answer affirmatively alleged negligence of the deceased. It is urged that the death of the intestate having occurred, and the action to recover damages therefor having been commenced, prior to the enactment of section 841-b of the Code of Civil Procedure, notwithstanding the trial occurred subsequent to the time that the section was in force, the Code provision was not retroactive and was inapplicable to this action.

In the prevailing opinion below Presiding Justice INGRAHAM said:

"It is quite evident that if the amendment made to the Code of Civil Procedure by adding section 841-b thereto is applicable to this case the dismissal was error. * * * If this was an open question I would think that this amendment to the Code of Civil Procedure was applicable on the trial of this action. It was not a change in the substantive law, it did not affect the liability of the defendant for the injury caused by the death of the deceased, but was merely a rule as to the burden of proof to be applied upon the trial of the action. It was competent for the legislature to say on whom should rest the burden of proving the negligence of a deceased person whose death had been caused by the negligence of a defendant, and the question as to who had the burden of proof could not become of importance until the action was tried." (pp. 181, 182.)

The learned justice, however, felt bound by the decision of this court in the case of *Greif* v. *Buffalo, Lockport & Rochester Ry. Co.* (205 N. Y. 239) where section 202a of the Labor Law, which is almost identical in language with section 841-b of the Code of Civil Procedure, was under consideration, and concluded that this case must be decided under the law as it existed at the time of the death of plaintiff's intestate. The importance of the question at issue demands a careful consideration of the decision referred to, as I conclude that the *Greif* case is clearly distinguishable from the case at bar.

 That action was brought under the Employers' Liability Act to recover damages for the death of Frederick Greif, which resulted by reason of a fall from the top of one of defendant's cars on the 19th of January, 1909, in the car barn of the defendant railroad company. The action was commenced January 18th, 1910. Issue was joined June 7th, 1910; a trial was had February 23d, 1911. Judge HAIGHT, after a review of the facts, concluded that the evidence was sufficient to raise a question of fact for the jury as to whether or not Carr, the inspector, was acting as superintendent with the authority or consent of the employer, and if the jury should find that he was so acting at the time of the accident then his negligence, if any, would become the negligence of the master and not that of a co-employee. If Carr was acting as superintendent at the time, and the injuries received by Greif were the result of Carr's negligence, it would follow that such injuries resulted from the negligence of the defendant. Therefore, it did not appear as a matter of law that Greif was guilty of contributory negligence, or that there was such a failure on the part of plaintiff to prove the cause of the shock which caused the accident as to justify a nonsuit.

· The opinion concluded as follows: " The conclusion reached by us is independent of the amendment of the Labor Law, known as section 202a, added thereto by chapter 352 of the Laws of 1910, which relieves the plaintiff from showing want of contributory negligence in actions for personal injuries, and makes it a defense to be pleaded and proved by the defendant. But inasmuch as the question may be again raised upon the new trial we have thought it wise to state that we do not understand the provisions of that act to be retroactive." (p. 249.)

Prior to the amendment of 1910, section 202, Labor Law (Cons. Laws, ch. 31), provided in substance: " The question whether the employee understood and assumed

the risk of such injury, or was guilty of contributory negligence,   *   *   *   shall be one of *fact*, subject to the usual powers of the court to set aside a verdict rendered contrary to the evidence   *   *   *." The language of the section limited the rights of a party to injuries received " after this *article takes effect*   *   * ·*."

Chapter 352, Laws of 1910, amendatory of the Labor Law, took effect September 1st, 1910. As amended, the provision of section 202, viz., that the question of contributory negligence should be one of fact subject to the usual powers of the court to set aside a verdict rendered contrary to law, was omitted from the amended section 202, and where before the amendment the provisions of section 202 were applicable to injuries received after that article took effect, the amendatory act of 1910 was to be applicable in an action brought to recover not only for personal injuries, but also for death resulting therefrom received " *after this act* [*i. e.*, act of 1910] *takes effect.*" The legislature while it omitted in the amendatory law in section 202 the language quoted as to contributory negligence, nevertheless in the same amendatory statute embodied the substance of the former statute and broadened the scope of the earlier provisions by adding section 202-a, which reads as follows:

" Trial; burden of proof.— On the trial of any action brought by an employee or his personal representative to recover damages for negligence arising out of and in the course of such employment, contributory negligence of the injured employee shall be a defense to be so pleaded and proved by the defendant."

That enlargement of the section did not in any degree affect the vested rights of parties, but tended merely to provide a method of procedure upon the trial of an action so far as the burden or order of proof of contributory negligence was concerned. Section 202-a was enacted a part of the amendatory law of 1910. It was for all purposes a part of section 202 and should be read in connection

therewith, and, when thus read, the words "any action" should be construed to refer to an action to recover damages for death resulting from personal injuries "*received after this act takes effect*" (September 1, 1910). In the *Greif* case the action was brought to recover damages for personal injuries received *prior* to the enactment of the law and Greif was by the language of the statute *excluded* from the benefits of the same.

The section of the Code reads: "§ 841-b. Trial and Burden of Proof of Contributory Negligence. On the trial of any action to recover damages for causing death the contributory negligence of the person killed shall be a defense, to be pleaded and proven by the defendant."

That provision operated only as a change in procedure, and the mode of attaining or defending rights, and should be construed, in the absence of words of exclusion, to apply to actions pending at the time when the same took effect. (*Lazarus* v. *Metr. E. R. Co.*, 145 N. Y. 581; *Peace* v. *Wilson*, 186 N. Y. 403; 2 Lewis. Sutherland on Statutory Construction [2d ed.], section 674; *Laird* v. *Carton*, 196 N. Y. 169; *Matter of Davis*, 149 N. Y. 539; *People* v. *Qualey*, 210 N. Y. 202, and cases cited by Chief Judge Bartlett; *Howard* v. *Moot*, 64 N. Y. 262; *Potter* v. *Ogden*, 136 N. Y. 384; *Southwick* v. *Southwick*, 49 N. Y. 510.)

In Bishop's Criminal Procedure, the author says: "The term 'procedure' is so broad in its signification that it is seldom used in our books as a term of art. It includes in its meaning whatever is embraced in the three technical terms, Pleading, Evidence, Practice. Evidence is part of the procedure and signifies those rules of law whereby we determine what testimony is to be admitted and what rejected in each case, and what is the weight to be given to the testimony admitted."

Section 841-b of the Code of Civil Procedure established a rule of evidence and order of proof which was

subject to modification and control by the legislature, and applicable upon the trial of existing actions.

Mr. Cooley in his work on Principles of Constitutional Law says: '' The burden of proof may be changed from one party to the other by legislation. * * * Such laws presumptively wrong no one. They provide such methods of investigating the truth as seem likely to be most effectual and just for the particular cases mentioned, and they preclude no one from establishing his rights.''

That the question of contributory negligence has been considered a question of evidence only has been held in cases where the question arose on pleadings. Thus it has been held that it was not incumbent upon the plaintiff in a pleading affirmatively to allege freedom from contributory negligence upon the part of the party injured. (*Urquhart* v. *City of Ogdensburg,* 23 Hun, 75; *Haskell* v. *Vil. of Penn Yan,* 5 Lansing, 43, 48; *Hackford* v. *N. Y. C. R. R. Co.,* 6 Lansing, 381; affirmed, 53 N. Y. 654; *Lee* v. *Troy Citizens' Gas Light Co.,* 98 N. Y. 115.)

In *Hackford* v. *N. Y. C. R. R. Co.* (*supra*), affirmed by this court (53 N. Y. 654), the court held that in an action to recover damages on the ground of the defendant's negligence the plaintiff need not allege or make proof that he was free from concurrent negligence, but if, upon the trial, there is evidence of plaintiff's negligence from his own and defendant's witnesses he must disprove it to entitle himself to a recovery.

While in a number of cases the general rule has been laid down that to enable a plaintiff to recover for an injury, or death resulting therefrom, the person so injured or the representative of the person so killed must establish that the injury or death was due to the negligence of the defendant, such rule was established for the reason that if the party injured or killed contributed to the accident, or if his own culpability or negligence

intervened between the negligence of the defendant and
the injury received, so that the negligence of the defend-
ant was not the *proximate* cause of the injury or death,
a recovery could not be had. (*Dowd* v. *N. Y., O. & W.
Ry. Co.,* 170 N. Y. 459.)

Prior to the enactment of section 841-b, a plaintiff was
required to satisfy the trial justice that he had established
facts tending to disclose the absence of contributory neg-
ligence or a nonsuit would follow. If the motion for a
nonsuit was denied, the plaintiff was still obliged to
satisfy a jury of the fact by argument and inferences from
the evidence before a recovery could be had. How has
that procedure been changed by section 841-b of the Code ?
It is still essential to a recovery in a death case that the
proximate cause of an injury resulting in death be due to
the negligence of the party defendant causing the injury.
Upon the trial of such action, if the evidence offered on
behalf of the plaintiff discloses that the deceased was
guilty of negligence contributing to the injury which
resulted in death, a failure of proof would exist. The
defendant would not be obliged to offer evidence but
might rely upon the evidence so presented by the plain-
tiff. If the evidence of the plaintiff does not as matter
of law disclose that the deceased was guilty of negligence
contributing to the accident, the legislature has prescribed
that the burden of proof shall be upon the defendant to
establish that the deceased was guilty of negligence con-
tributing to the accident; thus placing upon a defendant
the burden of proof where before the burden was imposed
upon the plaintiff and required to be sustained in the
first instance. Such change in order of proof does not
operate to permit a plaintiff to recover in an action for
death resulting from an accident unless the proximate
cause of the accident was the negligence of the defendant.

The conclusion follows that while the *Greif* case was
properly decided under the provisions of the Labor Law,
to which attention has been called, it is not decisive upon

the question here under consideration; that the provisions of section 841-b of the Code of Civil Procedure affect the procedure in an action alone; that the plaintiff's intestate was not guilty of negligence as a matter of law, and the order of the Appellate Division and the judgment should be reversed and a new trial granted, costs to abide the event.

WILLARD BARTLETT, Ch. J., MILLER and CARDOZO, JJ., concur; CHASE J., concurs in result; HISCOCK and COLLIN, JJ., dissent.

Judgment reversed, etc.