## SKELTON v. LEHIGH VALLEY R. CO.

(Supreme Court, Appellate Division, Third Department. January 5, 1916.)

1. APPEAL AND ERROR ⬅927—REVIEW—EVIDENCE—MOTION FOR NONSUIT.

In reviewing the evidence to determine the propriety of granting defendant's motion for nonsuit, plaintiff is entitled to the most favorable inferences deducible from his evidence, and all disputed questions of fact must be resolved for him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 3758, 4024; Dec. Dig. ⬅927.]

2. DEATH ⬅75—ACCIDENT AT CROSSING—FREEDOM FROM CONTRIBUTORY NEGLIGENCE—EVIDENCE.

In an administratrix's action for death of her decedent at a railroad crossing, less evidence was required from plaintiff to establish decedent's freedom from contributory negligence than would have been required from him, had he survived and been able to testify.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 93, 95; Dec. Dig. ⬅75.]

3. RAILROADS ⬅350—ACCIDENT AT CROSSING—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an administratrix's action for death of her decedent at a highway crossing, question of decedent's contributory negligence *held* for the jury under the evidence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1152–1192; Dec. Dig. ⬅350.]

4. APPEAL AND ERROR ⬅1064—PREJUDICIAL ERROR—INSTRUCTION—STATUTE.

In an administratrix's action against a railroad for death of her decedent at a highway crossing, where the court charged that the burden to show freedom from contributory negligence was on the plaintiff, in contravention of Code Civ. Proc. § 841b, providing that, on the trial of any action for causing death, contributory negligence shall be a defense, to be pleaded and proven by defendant, and the question of contributory negligence was for the jury under the evidence, the error in the instruction was prejudicial and could not be disregarded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. ⬅1064.]

Appeal from Trial Term, Madison County.

Action by Jennie P. Skelton, as administratrix, etc., of Chester H. Skelton, deceased, against the Lehigh Valley Railroad Company. From a judgment for defendant, and an order denying her motion for new trial, plaintiff appeals. Reversed, and new trial granted.

See, also, 164 App. Div. 789, 150 N. Y. Supp. 97.

Argued before LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Campbell & Woolsey, of Canastota (Albert E. Campbell, of Canastota, of counsel), for appellant.

Cobb, Cobb, McAllister & Feinberg, of Ithaca (Peter F. McAllister, of Ithaca, of counsel), for respondent.

LYON, J. This action was brought to recover damages on account of the death of plaintiff's intestate, which resulted from injuries received by him at a highway crossing just north of Canastota, N. Y., in the early afternoon of January 6, 1913.

The trial court, in accordance with then existing decisions, instructed the jury that the burden of proof of contributory negligence was upon the plaintiff, to which instruction the plaintiff duly excepted. The jury rendered a verdict of no cause of action. It having been subsequently held in Sackheim v. Pigueron, 215 N. Y. 62, 109 N. E. 109, that section 841b applied to a death happening prior to the enactment of the section, the judgment appealed from must be reversed, and a new trial granted, unless it must be held, as contended by the defendant, that the nonsuit asked by it should have been granted upon the ground that under the undisputed evidence the deceased was guilty of contributory negligence, and hence that the plaintiff was not harmed by reason of the instruction to the jury as to the burden of proof as to contributory negligence.

[1, 2] In determining this question we should be governed by the two well-established rules: (a) That the plaintiff is entitled to the most favorable inferences deducible from the evidence, and all disputed questions of fact are to be resolved in her favor; and (b) that less evidence is required from the plaintiff to establish the freedom of her intestate from negligence than would have been required from him if he had survived and been able to testify. Sackheim v. Pigueron, supra.

[3, 4] The plaintiff received the injuries, which resulted in his death a few days later, while passing over the defendant's track at a rural highway crossing. He had approached the crossing from the west, driving a team of horses attached to a lumber wagon. One of the horses was four years old and is referred to by the witnesses as the colt. The other was six years old, and the team was active and high-lived. From the evidence which was most favorable to the plaintiff it appears that the view of deceased towards the south, from which direction the colliding train came, was at places more or less obstructed by buildings, clothes hung out to dry, and leafless trees, and that from a point about 35 feet westerly of the nearest rail a person could see down the track southerly about 350 feet, the line of vision being lengthened as the person approached the track. The only eyewitness of the event, called to testify, said that the deceased approached the crossing with his coat collar turned up about his ears, his hat pulled down upon his head, and his team upon a trot; that as the team neared the track the colt became restive and pranced ahead of the other horse; and that when the deceased was at a point about 30 feet, and the heads of his horses about 18 feet, from the crossing, the deceased, having pulled up his horses in an effort to hold them back, clucked to the team, which then went faster and itself cleared the crossing, but the engine struck the rim of the hind wheel, and deceased was thrown from his wagon and injured. There was also testimony to the effect that the train, which was a combination freight and passenger train, was a little behind time, and was traveling at the rate of 35 miles per hour, and that prior to reaching the crossing it did not slacken its speed, and did not give any signal of its approach by either whistle or bell.

. The foregoing is a brief summary in a most general way of material evidence upon the part of the plaintiff bearing upon the main issues

in the case. Much of it is the subject of positive contradiction upon the part of the defendant's witnesses. The burden is upon the defendant to satisfy this court that the motion for a nonsuit should have been granted, and hence that the plaintiff was not prejudiced by the instruction as to the burden of proof. It is impracticable to attempt to review, within the brief limits of an opinion, the testimony contained in a record of two hundred pages. Suffice it to say that a careful examination of the evidence has convinced us that no error was committed by the trial court in denying the motion for a nonsuit. Hence this court is not warranted in disregarding the exception of plaintiff to the instruction relating to the burden of proof as to contributory negligence. That the plaintiff was entitled to have the question of the contributory negligence of plaintiff's intestate submitted to the jury was also the opinion of the trial justice.

We think that the judgment and order appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.