AUTOCAR SALES & SERVICE Co., INC., Appellant, *v.* GERTRUDE HANSEN and Another, as Administrators with the Will Annexed of CHRIS HANSEN, Deceased, Respondents.

Third Department, November 14, 1935.

*George H. Barber,* for the appellant.

*George H. Rothlauf,* for the respondent Gertrude Hansen.

*Murphy, Aldrich, Guy & Broderick* [*John H. Broderick* of counsel], for the respondent Manufacturers National Bank of Troy, New York.

McNamee, J. The plaintiff seller contends that the Trial Term erred in holding, upon the facts mentioned, that the plaintiff " retook " the burned truck. The acceptance of the burned truck from the insurance adjuster, and its retention at all times thereafter without offer to return, the default of the defendants, and the retaking of the three remaining trucks in replevin, all evidence an understanding of its rights on the part of the plaintiff, and its intention to repossess itself of the burned truck under its contract. The Trial Term was clearly right in so holding.

Section 79 of the Personal Property Law, requiring a resale of goods retaken under conditional sale, within thirty days after retaking, was amended on May 19, 1934, by the insertion of the following language: " Provided, however, that when the seller retakes possession of the goods by legal process, and an answer is interposed the seller may hold such retaken goods for a period not to exceed thirty days after the entry of a judgment * * * before holding such resale." (Laws of 1934, chap. 728.)

The plaintiff further contends that this amendment provides for a mere matter of procedure, is retroactive; and, accordingly, that the plaintiff was not required by section 79, as amended, to sell the trucks within thirty days after the retaking, but was free to sell them at any time within thirty days after the entry of judgment.

As before noted, the contract had been executed, payments in excess of fifty per cent of the purchase price had been made, and the plaintiff had retaken and held the trucks without sale for more than thirty days, all before the amendment in question was passed. In these circumstances and at the expiration of that time the rights of the parties became fixed; and the defendants then had a legal right to a prompt sale of the trucks at public auction, and also the right to recover immediately from the plaintiff seller at least twenty-five per cent of the amount paid on the purchase price. (Pers. Prop. Law, § 80-e; *Montgomery Acceptance Corporation* v. *Coon*, 263 N. Y. 561.) It must be conceded that there is a substantial difference in the right to have an automobile sold when it is two years old, or when it is four years old. It is common knowledge, in this period of improvement and changing models, that the price value of automobiles alters materially with age, whether in use or not. And it is not even plausible to argue that the right to recover $6,000 immediately is the same as the right to recover that amount at an indefinite time two or more years hence. And such is not the tenor of the contract.

The contract was made in view of the law in force at the time of its execution, and it secured to the defendants these substantial

rights. To hold that the amendment passed thereafter was retroactive would be to deprive the defendants not only of the prompt sale prescribed by the law of the contract, but also to defer indefinitely, and to deprive them of, the right to recover immediately a vested interest in the moneys paid on the purchase price.

Two of the cases that were cited by the plaintiff on the retroactive character of the statute in question do not support its theory; but they do help to clarify the principle involved here. In *Sackheim* v. *Pigueron* (215 N. Y. 62, 72) the statutes there under discussion set up rules for the order of proof as to contributory negligence, and shifted the burden from the plaintiff to the defendant. The statutes did not alter the facts upon which the rights of the parties rested. The same facts had to be proved as before, and the same result followed. The court held the statutes remedial and retroactive; but at the same time it observed that the statutes " did not in any degree affect the vested rights of parties." In *Laird* v. *Carton* (196 N. Y. 169, 172) the statute had to do with the issue of garnishee process upon a judgment, after the substantive rights of the parties had been adjudicated. There also the court held the process remedial and retroactive, but again it was pointed out that " its issuance does not impair the obligation of any contract or affect any vested right."

The judgment should be affirmed, with costs to the defendants.

RHODES, BLISS and HEFFERNAN, JJ., concur; HILL, P. J., dissents on the ground that section 79 of the Personal Property Law, as amended, effective May 19, 1934, is retroactive *(Sackheim* v. *Pigueron,* 215 N. Y. 62), and upon the ground that the fourth truck was not retaken under the provisions of the statute.

Judgment affirmed, with costs.