THOMAS B. SHEA, as Administrator of the Estate of MARILYN SHEA, Deceased, Respondent, v. JOHN DANNA, Appellant.

First Department, May 17, 1946.

*John G. Reilly* of counsel (*Thomas A. Clarke* with him on the brief; *Thomas F. Harrigan,* attorney), for appellant.

*Isidor Enselman* of counsel (*Gustave G. Rosenberg* with him on the brief; *Solomon M. Chadabe,* attorney), for respondent.

*Per Curiam.* An examination of the record indicates that sufficient facts were proven by plaintiff to establish at least prima facie a cause of action. However, it appears that during the course of the summation by plaintiff's attorney reference was made to the fact that defendant's counsel had failed to call as a witness a woman who was driving a car on the street where the accident occurred.

After the main charge was concluded the attorney representing the defendant made the following request among others: "May I ask the Court then to charge the jury that in the matter of contributory negligence that the defendant need not call witnesses to establish that, that that evidence might be inherent in the testimony elicited either in direct examination or cross examination."

In answer thereto the court replied: "That is very true, but unfortunately we didn't reduce to the record the openings of counsel here. If we did I think it would be very obvious why this request was made. Now, it is true no defendant is under any duty to call a witness, but because of what occurred during this trial and the objection taken by counsel for defendant I ask you to recall what transpired and to deal with it as you think it should be. Nonetheless, I repeat that no defendant is under any duty to call a witness, except when he is urging a defense. Now, if he is urging a defense as here with respect to contributory negligence, and he is serious about it, he is required to bring witnesses so the jury can determine whether or not they are entitled to that defense."

We believe that the request should have been granted. It was for the jury to say whether or not the defendant established the defense of contributory negligence, as pleaded, out of the mouths of the witnesses who were called by the plaintiff. (*Porter* v. *New York City Interborough R. Co.,* 235 App. Div. 525, affd.

261 N. Y. 587; *Sackheim* v. *Pigueron*, 215 N. Y. 62.) Furthermore the court should not have called the attention of the jury to the statement made by plaintiff's counsel during summation concerning the failure of the defendant to call as a witness a woman who was not under the control of the defendant. Under the circumstances the jury might have been misled.

The judgment appealed from should therefore be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., TOWNLEY, GLENNON, CALLAHAN and PECK, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.