sumed to determine that the various ballots cast for James N. Locke, Nat. Locke, J. N. Locke, and Nathaniel Locke were all cast for James N. Locke, they clearly exceeded their power; and the court properly ordered them to certify separately the several names voted for, and the ballots cast for each. Upon the face of the return, B. Frank Kathan had received a majority of the votes, and was entitled to the certificate of election from the board of canvassers.

It is true that by the affidavits it appears that there was only one man by the name of Locke who could have been intended, and that he was known by these different appellations; but neither the board of canvassers, nor the court upon this application, has any right to receive that evidence. The title of office cannot be tried in this proceeding. The power and duty of the court is to compel the board of canvassers to make the report directed by statute, and the ultimate rights of the parties can only be determined by an action in which the title to the office can be fully tried. The orders directing the two writs of mandamus were therefore properly made, and should be affirmed.

Appeal from order directing appellant to be made a party to this proceeding dismissed, with $10 costs. Orders directing peremptory writs of mandamus affirmed, with $10 costs and disbursements upon one appeal. All concur.

(74 App. Div. 166.)

## COSGROVE v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. STREET RAILROADS—CROSSING ACCIDENT—NEGLIGENCE OF GRIPMAN.
   Evidence that a cable car approached a street crossing at a high rate of speed without sounding a gong, though a woman struck by the car was approaching the track, and that the car went about 45 feet after the accident, was sufficient evidence of the gripman's negligence to sustain a recovery.

2. SAME—EVIDENCE—ADMISSIBILITY.
   A witness for defendant in a street car crossing accident case, who testifies that the injured person was warned by shouts of the approach of the car, cannot testify whether the accident would have occurred if the injured person had stopped when so warned, as such question is for the jury.

   Van Brunt, P. J., and Ingraham, J., dissenting.

Appeal from trial term, New York county.

Action by Jennie A. Cosgrove, as administratrix of Jane Cosgrove, deceased, against the Metropolitan Street Railway Company. From a judgment for plaintiff and an order denying a new trial, the defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

T. H. Lord, for appellant.
R. B. Aldcroft, Jr., for respondent.

PATTERSON, J. The plaintiff's testatrix sustained injuries on the 4th of June, 1897, by being struck by a cable car belonging

¶ 2. See Evidence, vol. 20, Cent. Dig. §§ 2186, 2277.

to the defendant, as she was crossing Broadway, near Thirty-Third street, in the city of New York. She died on the 7th of May, 1900, and there was proof that her death resulted from the injuries she received on the first-mentioned date. Upon the trial of the action the plaintiff recovered a verdict, and from the judgment entered thereon the defendant appeals, claiming that there was no sufficient proof to go to the jury on the subject of the defendant's negligence, and that there was no proof that the plaintiff's testatrix was free from contributory negligence. It is also claimed that the damages are excessive.

There was evidence sufficient to go to the jury upon the subject of negligence of the motorman in charge of the car. The accounts given by the various witnesses of the manner in which the accident occurred are conflicting, but the testimony of the witness Leech was of such a character as to authorize the jury, if they believed it, to find that the motorman of the car was negligent. The accident occurred as the plaintiff's testatrix attempted to cross Broadway from the northerly point of Greeley Square. She was walking in an easterly direction. The northerly point of Greeley Square is almost on a line with the southerly side of Thirty-Third street. The witness Leech was standing on the sidewalk at the northerly end of Greeley Square, and when he first observed the car by which the plaintiff's intestate was subsequently struck the woman was about 5½ feet from the west track, nearer the north line of Thirty-Third street than the south line, and the car was at a point about 25 feet south of the south line of Thirty-Third street. The motorman did not ring a bell, and this witness testified that the car was going very fast. He did not actually see the contact between the car and the decedent, but he saw that there was a commotion and an accident, and he passed over, and went toward the car, and saw a woman on the step, badly injured. There is no question concerning the identity of the car, nor the time at which the accident happened. The other witnesses identify the plaintiff's testatrix as the person injured at the time and place and by that car. Another witness (Rodman), who was a passenger on the car by which the decedent was struck, swore that when the car was approaching Thirty-Third street it was going very fast,—about as fast as he ever rode in a trolley car,—and he did not hear any bell rung. When he first saw the woman who was struck she was about 25 or 35 feet from the car. He saw her before she was struck, and at that time she was about midway between the south and the north line of Thirty-Third street; a little more towards the northerly side, on the east track, going up! Another witness (Daisy Gantly) testified that she was looking out of a window at the time of the accident, and saw the woman crossing Broadway at Thirty-Third street, going diagonally to the north, and when she first saw her she was in the middle of the track, "right in the middle of Thirty-Third street, with no car in sight," and afterwards the car struck her. The car was running north, and she did not hear any bell. Two of the witnesses for the plaintiff testified that the car was not stopped until it had reached a point from 40 to 45 feet above the north line of Thirty-Third street.

From all the evidence on behalf of the plaintiff, the jury, believing it, were authorized to find that the motorman was proceeding at a rapid rate of speed, that he gave no signal of the approach of the car by the sounding of a gong, and that the decedent was suddenly struck down by this rapidly approaching car without any warning given her of its approach.

Concerning the lack of proof as to the freedom of the plaintiff's testatrix from contributory negligence, the details of the occurrence, as they may be gathered from the evidence, are such as to show that that subject was properly left to the jury.

It is further claimed by the appellant that the judgment should be reversed because of the erroneous ruling of the court in the rejection of evidence. One of the defendant's witnesses (Mertens) had testified that he was a passenger on the car which struck and injured the plaintiff's testatrix, and he gave an account of what he saw of the accident. The effect of his testimony was to exonerate the motorman from negligence. He said he heard the motorman shout to the woman, and that he himself shouted, and he was then asked by defendant's counsel the following question: "If she had stopped and stood still when you say she was shouted at by the motorman and yourself, would there have been any accident?" This question was properly excluded. It was asking the witness to determine the whole case. That was one of the questions of fact for the jury to pass upon. It was for them to say what would or would not have occurred under certain given conditions, and the question here propounded was very different from that considered in McDermott v. Railroad Co., 44 Hun, 109.

The damages are not excessive, and the judgment and order appealed from should be affirmed, with costs.

HATCH and LAUGHLIN, JJ., concur. VAN BRUNT, P. J., dissents.

INGRAHAM, J. I dissent on the ground that the verdict establishing defendant's negligence and plaintiff's freedom from contributory negligence is against the weight of evidence.