STANLEY N. CARR, Appellant, *v.* PENNSYLVANIA RAIL-ROAD COMPANY, Respondent.

**Negligence — railroad crossing accident — question of contributory negligence ordinarily one for jury — degree of care required of traveler approaching railroad crossing — erroneous dismissal of complaint.**

1. It is not the law that as a distinct and conclusive circumstance one traveling on the highway must assume that no warning of the approach of trains will be given at a railroad crossing and relax in no degree his vigilance although silence suggest security, nor is it the law that one who has once looked from a proper viewpoint must, at his peril, look again before proceeding.

2. Where in an action to recover for injuries received through being struck by a train at a railroad crossing the evidence indicates that plaintiff approached with his horse under control and his mind on the danger; that he listened and heard nothing; that he looked down the track and saw as much as seven hundred feet at a point when he was only a few seconds from the crossing; that no train was then in sight and that he then looked the other way and immediately the accident happened, it cannot be said, as matter of law, that his negligence was palpable, and therefore a dismissal of the complaint on that ground was erroneous.

*Carr* v. *Pennsylvania R. R. Co.,* 171 App. Div. 891, reversed.

(Argued November 21, 1918; decided December 10, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 7, 1916, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Irving W. Cole* and *Hamilton Ward* for appellant. On the evidence the questions of defendant's negligence and plaintiff's freedom from contributory negligence were for the jury. (*Newson* v. *N. Y. C. R. R. Co.,* 29 N. Y. 385; *Feeney* v. *Long Island R. Co.,* 116 N. Y. 375; *Ernst*

v. *H. R. R. R. Co.*, 35 N. Y. 9; *Stevermann* v. *White*, 16 J. & S. 526; *Southe* v. *Binghamton Ry. Co.*, 168 App. Div. 605; *Townsend* v. *Brooklyn Heights Ry. Co.*, 168 App. Div. 449; *Brott* v. *Auburn & Syracuse El. R. Co.*, 220 N. Y. 92; *Thomas* v. *D., L. & W. R. R. Co.*, 8 Fed. Rep. 729; *Cunningham* v. *D., L. & W. R. R. Co.*, 142 App. Div. 303; *Davis* v. *N. Y. C. & H. R. R. R. Co.*, 47 N. Y. 400; *Massoth* v. *D. & H. Canal Co.*, 64 N. Y. 524; *Dolan* v. *D. & H. Canal Co.*, 71 N. Y. 285; *Kellogg* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 72.)

*H. J. Adams* and *Frank Rumsey* for respondent. The plaintiff was chargeable with contributory negligence as a matter of law and the motion for a nonsuit and dismissal of the complaint was properly granted. (*Avery* v. *N. Y., O. & W. R. Co.*, 205 N. Y. 502; *Swart* v. *N. Y. C. R. R. Co.*, 81 App. Div. 402; 177 N. Y. 529; *Baxter* v. *A. & S. El. R. Company*, 190 N. Y. 439; *Spencer* v. *N. Y. C. & H. R. R. R. Co.*, 123 App. Div. 789; 197 N. Y. 507; *Knapp* v. *N. Y. C. & H. R. R. R. Co.*, 158 App. Div. 175; *Coleman* v. *N. Y. C. & H. R. R. R. Co.*, 98 App. Div. 349; *Dolfini* v. *Erie R. R. Co.*, 178 N. Y. 1; *McSweeney* v. *Erie R. R. Co.*, 93 App. Div. 496; *Cullen* v. *D. & H. C. Co.*, 113 N. Y. 667; *McAuliffe* v. *N. Y. C. & H. R. R. R. Co.*, 85 App. Div. 187.)

POUND, J. This is an action to recover damages for personal injuries sustained by plaintiff while driving over a railroad grade crossing. He was struck by a northbound express train, running at a high rate of speed, quietly and without sounding bell, whistle or other signal. He was nonsuited at the close of his case on the ground that he was guilty of contributory negligence. " The question of contributory negligence in cases of this character is ordinarily one of fact for the jury." (*Massoth* v. *Prest., etc., D. & H. Canal Co.*, 64 N. Y. 524, 529.) Are

the most favorable inferences that can be drawn from the evidence of plaintiff's witnesses insufficient to permit a jury to conclude that he exercised reasonable care and prudence under the circumstances? The facts and inferences are thus stated most favorably to appellant for the purposes of this appeal.

The accident happened at noon on June 3, 1914. Highway and railroad track intersect at an acute angle. Plaintiff was coming from the south on the main highway, with his wife, in a buggy. He was driving a high-spirited horse which was walking quietly and steadily about three miles an hour. His view to the south of the single railroad track was obstructed by buildings, trees and a board fence, so that it was impossible to see an approaching train until a point was reached forty to sixty feet from the track. At that point plaintiff looked between the boards of the fence and saw that everything was clear in that direction for a distance of seven hundred feet. He then looked north, then he was close to the track and then the accident happened. In a few seconds the train traversed the distance of seven hundred feet while the plaintiff was reaching the crossing. Indisputably, if plaintiff had looked only at a point where the obstruction shut off his view of the approaching train, he could not recover. But that is not this case. The evidence indicates that he approached the crossing with his horse under control and his mind on the danger; that he listened and heard nothing; that he looked down the track and saw as much as seven hundred feet at a point when he was only a few seconds from the crossing and that no train was then in sight. Indisputably, if he had looked again to the south he would have seen the train. When one who is approaching a railroad crossing is heedless of ordinary precautions; when he fails to observe the rules of conduct which are dictated by common experience and common sense, no question remains for a

jury to pass upon. (*Avery* v. *N. Y., O. & W. Ry. Co.*, 205 N. Y. 502.) But it is not the law that as a distinct and conclusive circumstance, one must assume that no warning of the approach of trains will be given and relax in no degree his vigilance although silence suggests security, and it is not the law that one who has once looked from a proper viewpoint must, at his peril, look again before proceeding.

The evidence does not demonstrate the absence of care on the part of plaintiff. It suggests that by greater care he might have avoided the accident. It may be that he should have turned and looked again and it may be that a jury would say, on his own evidence, that the accident was chargeable to his failure to be vigilant in looking to the south. On all the evidence, it may be entirely reasonable to conclude that he went to the crossing heedlessly, without thinking of it or paying any attention to it, but we cannot accept his version and say, as matter of law, that his negligence was palpable.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Hiscock, Ch. J., Collin, Cuddeback, Cardozo, Crane and Andrews, JJ., concur.

Judgment reversed, etc.