## REBMANN v. DELAWARE, L. & W. R. CO.

(District Court, W. D. New York. September 30, 1921.)

No. 1987.

1. **Railroads ⬅═350 (22) —Contributory negligence of automobile occupant with view obstructed held for jury.**

In action for death of occupant of automobile, struck by train at crossing, where jury could reasonably infer, from the evidence, that ordinary care in approaching the track had been exercised by the deceased, or that his vision was obscured by the railroad station, that he was not warned of the approach of the train and was free to proceed and cross track, the question of whether deceased, while approaching track, could have seen the approaching train if he had looked in the direction from which it came and had a view of the tracks, *held* a question for the jury, in view of Code Civ. Proc. N. Y. § 841-b.

2. **Railroads ⬅═350 (9) —Negligence in not warning traveler with obstructed view held for jury.**

In action for death of occupant of automobile, struck by train at crossing, where jury could reasonably infer from the evidence that ordinary care in approaching the track had been exercised by the deceased, or that his vision was obscured by the railroad station, that he was not warned of the approach of the train, and was free to proceed and cross track, the question of whether a seasonable warning was given by the railroad of the approach of the train was a question for the jury.

3. **Death ⬅═99 (4) —$30,000 damages to wife and children held excessive.**

$30,000 damages to 34 year old wife and 14 and 10 year old children, for death of 37 year old husband and father, with life expectancy of 29.64 years, whose annual earning capacity did not exceed $1,800, with nothing to indicate increase in earnings, *held* excessive, and reduced to $20,000.

⬅═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by May Rebmann, as executrix of Philip Rebmann, deceased, against the Delaware, Lackawanna & Western Railroad Company. Verdict for plaintiff, and defendant moves for a new trial. Motion granted, unless plaintiff files stipulation consenting to reduction of amount of verdict.

Hamilton Ward, of Buffalo, N. Y., for plaintiff.

Locke, Babcock, Spratt & Hollister, of Buffalo, N. Y. (Evan Hollister, of Buffalo, N. Y., of counsel), for defendant.

HAZEL, District Judge. This is a motion for a new trial by the defendant, on the ground that the evidence shows that plaintiff was guilty of contributory negligence as a matter of law, and also that the verdict was grossly excessive and should be set aside.

[1, 2] The evidence in my judgment required submitting the case to the jury as to whether the plaintiff's intestate was guilty of contributory negligence, and though at the trial I expressed some doubt on this point, and as to the sufficiency of the evidence and circumstances surrounding the accident, I am nevertheless of the present opinion that the question of freedom from contributory negligence of the required less evidence because of the change in the New York statute (section 841-b, Code Civ. Proc.), which puts the burden of proof as to contributory negligence of the person killed on the defendant. The weight of authority is that, in the absence of evidence, the presumption is that one approaching a railroad crossing carefully looked and listened, since his safety is involved. Director General v. Ganzinger (C. C. A.) 269 Fed. 552. It was for the jury to determine, in view of the evidence in the case, whether the deceased, while approaching the railroad track in an automobile, could have seen the approaching train, if he had looked in the direction from whence it came and had a view of the tracks, and also whether seasonable warning was given by defendant of the approach of the train. Hines v. Hoover (C. C. A.) 271 Fed. 645. And see opinion by Judge Ray in Quereau v. Lehigh Valley R. Co. (D. C.) 270 Fed. 826.

There are many New York state adjudications to a similar effect. In Mullen v. Schenectady R. Co., 214 N. Y. 300, 108 N. E. 412, for example, the Court of Appeals of this state, in discussing the facts and law, said:

"The question of the intestate's freedom from contributory negligence is one of greater difficulty, though less evidence is required than would be if he were alive and able to testify. * * * The rule so long relaxed by the courts in death cases has, since the accident and since the trial of this action, been changed by statute, and the burden imposed on the defendant in such cases. * * * There is, of course, no evidence that he looked; but the evidence tends to indicate that he did not look in the direction of the car after he started to cross the tracks. Was he bound as matter of law to do so?"

The learned court proceeded to say that that question depended upon the information and circumstances, and that it was not one for decision as a question of law. So, in the present case, the situation was one where the jury could reasonably infer that ordinary care in approaching the track had been exercised by the deceased and his companion,

or that their vision was obscured by the railroad station, and, not being warned of the approach of a train, that they were free to proceed ahead and cross the track. See, also, Sackheim v. Pigueron, 215 N. Y. 62, 109 N. E. 109, and Carr v. Pennsylvania R. Co., 225 N. Y. 44, 121 N. E. 473.

The motion for new trial on the first ground stated is denied.

[3] The verdict, however, was so large that it may fairly be presumed that the jury entertained a prejudicial feeling in the matter, due not improbably to sympathy for the wife and children of the deceased. It appeared from the evidence that the annual earning capacity of the deceased did not at any time exceed $1,800, and it is somewhat doubtful whether he received over $1,500, a sum used for the support and maintenance of himself and his family. He was 37 years of age, with a life expectancy of 29.64 years, and there was no disclosure to indicate any probability of an increase in his annual earnings at any future time. His wife was 34 years old, and his two children 14 and 10. In fixing the award the jury was required to take into account, not only the earning power of the amount awarded as damages, but the life expectancy of the deceased, together with the pecuniary benefits to the children until they reached a self-supporting age. The amount of the verdict, viz. $30,000, if properly invested, say at 6 per cent. per annum, would net $1,800; but in my opinion the jury did not make any reduction for the personal expenses of the deceased, or have in mind that the children as they advanced in years would earn something, or that his responsibility for their education and maintenance would later terminate. The verdict demonstrated, I think, not only a failure to make these proper deductions, but the amount of interest on the recovery, if the principal were judiciously invested, would be larger than the income he would have earned, had he lived, and at the end of the life expectancy plaintiff would still have the principal intact. Such outcome requires a diminution of the recovery to conform to the facts.

There must be a new trial, unless the plaintiff shall, within 20 days, stipulate to reduce the verdict to sum of $20,000 as of the date of the rendition thereof, and $475 additional for funeral expenses. If the stipulation is not filed as required, then my determination is that the verdict is against the weight of evidence upon the question of damages, and is excessive, and in that event there must be a new trial.