PHILIP BENJAMIN, Appellant, *v.* FONDA, JOHNSTOWN AND GLOVERS-VILLE RAILROAD COMPANY, Respondent.

Third Department, May 16, 1923.

Street railways — action for injuries suffered in collision between motor truck and trolley at street intersection — collision occurred as plaintiff was turning corner into street on which car was approaching — plaintiff not guilty of contributory negligence as matter of law — freedom from negligence not shown as matter of law.

In an action to recover damages suffered in a collision between plaintiff's motor truck and defendant's trolley car, it appeared that the accident occurred as the plaintiff was turning from one street into the street on which the trolley car was then approaching; that his view was obstructed by a house and tree; that the street on which the trolley tracks were located was only twenty-three feet wide; that the plaintiff reduced his speed to three miles an hour as he approached the intersection and looked in the direction from which the trolley car was approaching as soon as his view was unobstructed, and that the trolley car was proceeding at a rate of about thirty-five miles an hour.

*Held,* that the plaintiff was not guilty of contributory negligence, as a matter of law, and whether or not he should have taken other precautions than he did is a question that should have been submitted to the jury.

Nor was the defendant free from negligence, as a matter of law, since it appears that the car was going at about thirty-five miles an hour; that no warning was given; and that the speed was not slackened as the trolley car approached the street intersection.

HINMAN and VAN KIRK, JJ., dissent, with opinion.

APPEAL by the plaintiff, Philip Benjamin, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Schenectady on the 18th day of November, 1922, upon the dismissal of the complaint upon the merits by direction of the court at the close of the plaintiff's case.

*Judge, Lyons & Poersch* [*John E. Judge* of counsel], for the appellant.

*Charles S. Nisbet,* for the respondent.

KILEY, J.:

On the 19th of November, 1921, at about ten-thirty A. M., in the city of Schenectady, at the junction of Washington avenue and Front street, plaintiff's truck and defendant's trolley car collided. Upon the trial of the action arising out of such collision the plaintiff's complaint was dismissed at the close of his evidence. It is an old rule so well established that citations to sustain it are rarely made, that " plaintiff, having been nonsuited, is entitled to the benefit of all facts and inferences which may be drawn from the evidence most favorable to his contention." (*Eastland* v.

*Clarke,* 165 N. Y. 420.) Front street, running east and west, intersects Washington avenue, running north and south, at right angles. Washington avenue is twenty-three feet wide between the curbs. Front street is seventeen feet and three inches wide. The trolley track is in the center of Washington avenue; it occupies a space four feet eight and one-half inches of such center. Plaintiff was driving his truck, which was inclosed with windows at each side of the front seat, and with a glass windshield in front, from the east toward the west onto Washington avenue. On his right on Front street, seven feet from the side thereof, and fourteen feet and one inch from the east curb of Washington avenue, stood a two-story brick house. It is twenty-three feet from the east rail of the trolley track to the side of the house. Fourteen feet east of said rail stands a tree about one foot in diameter. As plaintiff passed the corner of the house he reduced his speed to three miles an hour, he looked north, and it is reasonable to infer he looked just before the tree obstructed his view or immediately after; his car was in motion and there was a space between the tree and house that he could see north seventy-five feet; there was no car in sight; he looked south and it was clear; he then gave his attention to rounding the curve with his truck, about twelve and one-half feet in length; as he was rounding this curve, the manipulation of the steering wheel necessarily took some of his attention; again he looked north and the trolley car was twenty-five or thirty-five feet away coming toward the crossing at a rate of speed of thirty or thirty-five miles an hour. In considering what he should have done in the space of fourteen feet between the east rail and the tree, it must be borne in mind that plaintiff sat back from four to six feet from the front end of his radiator. When he discovered the oncoming car he thought he was at the rail, he was not quite there, but he did not know the overhang of the trolley which is one foot ten inches; he thought to stop would mean a collision, and the only thing to do was to turn sharp to the right toward the curb, which he did. Whether the plaintiff was guilty of negligence at the point where the collision occurred cannot be decided as contributory negligence as a matter of law; he found himself in a position of extreme danger, and an error of judgment under the circumstances would not preclude a recovery. What he did to avoid danger after he passed the corner of the house and before he got into the place of danger, so far as his contributory negligence is concerned, is the question here. It is urged that plaintiff should have traversed a circle to the south at the intersection of the streets before he attempted to go north along the

trolley track, where he only had a clearance of seven feet three and one-half inches between the overhang of the trolley car and the curb. His car was about six feet wide. Whether he should, under all the circumstances, have made the circle suggested is not a question of law for the court, it is a question of fact for the jury. (*Cosgrove* v. *Met. St. R. Co.*, 74 App. Div. 166; affd., 173 N. Y. 628.) Whether he should have looked again after passing the point where the tree obstructed his vision must be viewed in light of the fact, that he sat on the seat back at least five feet from the front of his radiator or only seventeen or eighteen feet from the east trolley track, which distance, at three miles an hour, he would cover in an infinitesimal fraction of time. Such conditions are not for the court to take away from a jury and decide as a matter of law. (*Carr* v. *Pennsylvania R. R. Co.*, 225 N. Y. 44; *Williams* v. *City of New York*, 214 id. 259; *Barringer* v. *United Traction Co.*, 101 App. Div. 330.) On the question of defendant's negligence we have a thickly-settled portion of the city with a trolley track in the center of a street only twenty-three feet wide, with a space of only nine feet one and one-half inches between the rail and the curb; the overhang of the car takes up one foot ten inches of that space. There is this intersecting narrow street, into which you cannot turn and clear the overhang with a truck without making a circuit, in this case to the south; the furthest point to the north that you can see from this intersection is the Mohawk River bridge three hundred to three hundred and fifty feet away. This car is coming on at thirty or thirty-five miles an hour; at thirty miles an hour it would cover a mile in two minutes; at thirty-five miles it is going fifty-one feet a second. No warning was given, no slack in speed was apparent. It cannot be held as a matter of law that defendant was free from negligence. It was a question of fact for the jury. (*Mullen* v. *Schenectady R. Co.*, 214 N. Y. 300.) Each party had the same right in the street except upon the tracks. While the trolley car has to run on fixed rails that does not relieve the defendant from exercising reasonable and ordinary care. It cannot be said that the defendant's motorman exercised reasonable and ordinary care under circumstances appearing in the record. Whether he did, or did not, was a question of fact for the jury. (74 App. Div. *supra;* affd., 173 N. Y. 628.)

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

H. T. KELLOGG, Acting P. J., and HASBROUCK, J., concur; HINMAN, J., dissents, with an opinion, in which VAN KIRK, J., concurs.

HINMAN, J. (dissenting):

In the decision of the majority of the court sufficient attention and weight has not been given to the General Highway Traffic Law (§ 11, subd. 3) which provides: " In turning a corner of intersecting streets a vehicle shall be driven with extreme caution and under control." The plaintiff testified that he looked to the right when he was twenty-six to thirty feet away from the east rail and did not look again in that direction until his fender was near the track, although he was traveling at a very low speed, namely, a speed gradually reducing from five to three miles an hour. When he looked the second time the car was only twenty-five to thirty feet away. " Extreme caution " is not satisfied by reducing speed to a safe limit. Extreme caution requires the plaintiff to be vigilant and alert in the use of his eyes and his ears. If this plaintiff used any caution in the use of his eyes by looking to the right, he did so at an inopportune time when he was twenty-six to thirty feet from the first rail, a time when he could not see more than seventy-five feet in the direction from which the trolley car was approaching. The statute says that " In turning a corner " his vehicle shall be driven with extreme caution. The plaintiff exercised his caution before he reached the corner. It is apparent that he exercised no caution rather than " extreme caution " when he came to turn the corner. The two trees on the east side of Washington avenue, the street upon which the car was approaching, could not have hidden from his view the approaching trolley car. One of these trees was seventeen feet from the north curb of Front street, the street upon which the plaintiff was making his approach, and five feet back from the east curb of Washington avenue, the street upon which the trolley car was approaching. It was only one foot in diameter. The other tree on the east side of Washington avenue was forty-five feet north of the last-mentioned tree and was about two feet in diameter. These trees were the only obstructions to the plaintiff's view of the approaching trolley car after he reached a point twenty-two feet from the east rail and it is impossible to conceive how they could have impaired to any material extent the plaintiff's view of as large an object as the approaching trolley car.

Had he looked in the right direction after passing this 22-foot point and before reaching the corner, he could have seen the trolley car for a distance of at least 350 feet. To have turned this corner without looking again until his nearest fender was almost upon the first rail was not the action of a careful and prudent man. He cannot be said to have complied with the statute requiring that " In turning a corner of intersecting streets

a vehicle shall be driven with extreme caution and under control."
(Gen. Highway Traffic Law, § 11, subd. 3.)

Having placed himself in this position of jeopardy by his own
lack of extreme caution, he ought not to be permitted to recover.
(*Castle* v. *Director-General of Railroads,* 232 N. Y. 430.)

The judgment should be affirmed.

VAN KIRK, J., concurs.

Judgment reversed on the law and new trial granted, with costs
to the appellant to abide the event.