VICTOR LIPINSKI, Respondent, v. ANNA A. WARREN, Appellant.— Judgments reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Certain findings of fact disapproved and reversed. Memorandum: Defendant's answer, in this action which plaintiff brought to foreclose a mortgage on real property given by defendant, interposed the defense of usury. Following a trial of the issue, two judgments, both of which are before us for review, were entered in plaintiff's favor, one on September 10, 1937, and the other on March 4, 1938. The September 10, 1937, judgment was not authorized by any decision of the court and it is, therefore, reversed on the law, without costs. The March 4, 1938, judgment of foreclosure and sale must also be reversed. The evidence, adduced by defendant in support of her claim that the mortgage transaction was usurious, was uncontradicted and it sufficiently established that the mortgagee — in addition to interest at the rate of six per cent per annum reserved in the bond and mortgage, and proper expenses in connection with the mortgage transaction — demanded and received from defendant a sum of money as a bonus for making the loan. The contrary findings are against the weight of the evidence. In view, however, of informalities disclosed by the record in respect to the manner in which defendant's proofs were presented, we conclude that, in the interests of justice, a new trial should be ordered. All concur. (The judgments are for plaintiff in a mortgage foreclosure action.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

JOHN HAUFF, as Administrator, etc., of HAROLD HAUFF, Deceased, Appellant, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent.— Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: In this action to recover damages for the death of plaintiff's intestate which is alleged to have resulted from defendant's negligence, plaintiff — at the close of his case — was nonsuited upon the ground that his intestate, a boy fifteen years of age, was guilty of contributory negligence. We are not satisfied, from the record before us, that no " possible hypothesis based on the evidence forbids the imputation of fault to the deceased " (Chamberlain v. Lehigh Valley R. R. Co., 238 N. Y. 233, 235) and are of the opinion that taking into consideration all conditions surrounding the accident, the question of decedent's contributory negligence was for the jury to determine. (Carr v. Pennsylvania R. R. Co., 225 N. Y. 44, 47; Schrader v. N. Y., C. & St. L. R. R. Co., 254 id. 148, 150; Crough v. New York Central R. R. Co., 260 id. 227.) All concur, except Crosby, J., who dissents and votes for affirmance on the ground that the record shows that the decedent was guilty of contributory negligence as matter of law. (The judgment is for defendant in a railroad negligence action.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.